City of Lancaster, to the use of The Penn Iron Company, Limited, et al., *v.* Samuel W. Frescoln and the American Surety Company, Appellant.

*Principal and surety—Bond—Construction of bond.*

In an action against a surety, the obligation of a bond cannot be extended beyond the plain import of the words used.

*Res adjudicata—Scope of the rule.*

The rule that what has once been judicially determined shall not again be made the subject of litigation, extends to every question in the proceeding which was legally cognizable.

*Principal and surety—Contractor's bond to municipality—Res adjudicata.*

Under an ordinance requiring a municipal contractor to enter security for the faithful performance of the contract, the conditions of the contractor's bond were that he should complete the work in a satisfactory manner, and pay or secure the wages of laborers and the price of materials used. An action was brought on the bond in the name of the city to the use of certain persons who furnished materials. It appeared that the contractor had previously sued the city and recovered a balance on his contract. A general ordinance of the city provided that contractors should give additional bonds to the city for the use of any person who might be aggrieved by their failure to pay for work done or materials furnished, but no additional bond was given. *Held*, (1) that the bond did not authorize a recovery to the use of laborers and material men; (2) that the action could not be maintained as the matters in dispute had been judicially determined in the action between the contractor and the city.

Argued May 16, 1899. Appeal, No. 74, Jan. T., 1899, by defendants, from order of C. P. Lancaster Co., March T., 1898, No. 4, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a bond. Rule for judgment for want of a sufficient affidavit of defense.

The bond was given by a contractor to a city and recited that the contractor should perform his work, pay his laborers and pay for the materials used. The use plaintiffs alleged that the contractor owed them for work done and materials furnished.

The affidavit of defense was as follows:

And now, March 15, 1898, comes the American Surety Com-

pany of New York, one of the defendants in the above action, and saith that it has a just and true defense to the whole of plaintiffs' claim in this action as set forth in their statement, the nature and character of which are as follows :

It denies that it is indebted to the nominal or use plaintiffs in the sum of $64,000, for the reasons and on the account set forth in their statements, or in any amount or on any account whatsoever, and it avers that:

1. It has no knowledge whether the bills appended to plaintiffs' statement and purporting to be accounts against Samuel W. Frescoln, are valid or not. It has no knowledge whether Samuel W. Frescoln is indebted to the use plaintiffs in the account therein set forth or not, and it demands proof of the same, and it avers and maintains that it is not obligated to pay, and there can be no legal recovery against it in any form of action whatsoever for such bills, until the validity of the same has been duly established by law, and that it is not bound to make any answer regarding the same until such claims have been established by judgment in an independent action by the said use plaintiffs against the said Samuel W. Frescoln.

2. It admits the execution of a bond by it and Samuel W. Frescoln, in the sum of $64,000, for the performance by the said Samuel W. Frescoln of a certain contract, which bond and obligation, it believes, are correctly set forth in plaintiffs' statement of claim filed in this suit. It denies, however, that there was in said obligation any privity of contract between it and the use plaintiffs in this suit, and that there is anything in said bond or obligation to make the defendant liable to the use plaintiffs for any of the debts of the said Samuel W. Frescoln. It denies that the use plaintiffs furnished to the said Samuel W. Frescoln any materials relying upon the defendants' bond to pay for the same. It denies that the said Samuel W. Frescoln did not perform all the duties required of him, as contracted according to the conditions of said writing obligatory, or that he neglected or refused so to do. It further avers that all claims and rights of the city of Lancaster under the said contract of agreement between it and the said Samuel W. Frescoln, and all obligations of the said Samuel W. Frescoln under said agreement were made the subject of a suit in the circuit court of the United States, for the eastern district of Penn-

sylvania, at Philadelphia, No. 57 of October sessions, 1894, wherein the said Samuel W. Frescoln brought suit upon said contract against the said city of Lancaster, and, in said suit, on the 8th day of April, 1896, there was entered a judgment against the said city of Lancaster and in favor of the said Samuel W. Frescoln, for $13,750, which judgment was a determination of all matters at issue and variance between the said Frescoln and the said city of Lancaster, and which was conclusive and binding upon the city of Lancaster, and all offsets or claims of whatsoever kind which the said city of Lancaster had against the said Frescoln and of all rights which the said city of Lancaster had under said bond against either the said Samuel W. Frescoln or the defendants, the American Surety Company, and which said judgment was final and conclusive of all rights which the use plaintiffs had, or which any other person had, under said bond, and which judgment has been paid by the city of Lancaster.

The defendants further aver that, by reason of the premises, and by reason of the fact that there was no privity of contract between the said use plaintiffs and the defendants, and by reason of the neglect of the said use plaintiffs to intervene in the said suit between the said Samuel W. Frescoln and the city of Lancaster, they have no right of action in this case, and all obligations of the defendants upon the said bond and agreement are discharged, and that it is not indebted to the plaintiffs, or to any of them, in any amount whatsoever.

A supplemental affidavit of defense of the American Surety Company was as follows:

And now, March 24, 1898, comes the American Surety Company, one of the above named defendants, and reaffirming all the matters alleged and set forth in the affidavit of defense already filed, and that the same is fully adequate and sufficient in law, in addition thereto, files this supplemental affidavit of defense and further alleges a full, complete and legal defense to the plaintiffs' cause of action, because the city of Lancaster, the nominal plaintiff above, to whom the bond set forth in the plaintiffs' statement was given, acting through its duly constituted and authorized agents, made material changes and alterations in the plans and specifications of the contract work in relation to which the said bond was given, after the execution

and delivery of the said bond and without notification to or the approval and consent of the American Surety Company, the surety on said bond. And further, that said changes and alterations were fully set forth and considered in the suit already referred to, in the circuit court of the United States for the eastern district of Pennsylvania, No. 57 of October sessions, 1894, wherein Samuel W. Frescoln was plaintiff and the city of Lancaster, aforesaid, was defendant, and formed part of the moving consideration for the said judgment in favor of the said plaintiff and against the said defendant therein, for $13,750.

The court made absolute the rule for judgment.

*Error assigned* was the order of the court.

*William H. Keller*, of *Coyle & Keller*, and *W. U. Hensel*, of *Brown & Hensel*, for appellants.—The liability on this bond was res adjudicata: Bell v. Allegheny County, 184 Pa. 300 ; 1 Herman on Estoppel, 117.

There is no privity between the plaintiffs here and the defendants. They are not mentioned in the bond or contract. Plaintiffs were not known to the contracting parties. It is well settled that third parties are not allowed to sue unless made a party to a contract under a seal: McLaren v. Hutchinson, 18 Cal. 80 ; Lewis v. Covillaud, 21 Cal. 178 ; Moore v. House, 64 Ill. 162 ; Gautzert v. Hoge, 73 Ill. 30 ; Sandusky v. Neal, 2 Ill. App. 624 ; Farmington v. Hobert, 74 Me. 416 ; Flynn v. Ins. Co., 115 Mass. 449 ; Cocks v. Varney, 45 N. J. Eq. 72 ; Loeb v. Barris, 50 N. J. L. 382 ; Read v. Young, 1 D. Chip. (Vt.) 244 ; Merrill v. Green, 55 N. Y. 270 ; Simson v. Brown, 68 N. Y. 355 ; Parkinson v. Alexander, 37 Kansas, 10 ; Ihrig v. Scott, 5 Washington, 584 ; Millard v. Baldwin, 3 Gray, 484 ; Johnson v. Foster, 12 Metcalf, 167 ; Parker v. Jeffery, 26 Oregon, 186 ; Mellen v. Whipple, 1 Gray, 317 ; Durnherr v. Rau, 135 N. Y. 219 ; Buffalo Cement Co. v. McNaughton, 90 Hun, 74.

*E. D. Reilly*, with him *Appel & Appel* and *Wm. Leaman*, for appellees.—The use plaintiffs here are not strangers. They represent material men designated in the bond. There is a sufficient reciprocity of relation or obligation here to constitute privity between the use plaintiffs and the defendants. The city

of Lancaster required of the contractor a bond such as was given in this case, and it had a valid right to do so: Williams v. Markland, 15 Ind. App. 669; Baker v. Bryan, 64 Iowa, 561; R. R. Co v. Cuthbert, 14 Kan. 168; Karr v. Peter, 60 Ill. App. 209; Rohman v. Gaiser, 73 Northwestern Rep. 923; Fitzgerald v. McClay, 47 Neb. 816; Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky. Rep. 340; Merriman v. Moore, 90 Pa. 78; Lea v. Yard, 4 Dallas, 95; Davis v. Com., 3 Watts, 297; Black v. Conard, 1 Rawle, 249; Little v. Com., 48 Pa. 337; Com. v. Steacy, 100 Pa. 613.

OPINION BY MR. JUSTICE FELL, July 19, 1899:

This action is upon a bond given to secure the compliance by S. W. Frescoln with the provisions of a contract into which he entered with the city of Lancaster for the construction of a reservoir. The contract provides among other things that Frescoln shall pay or secure the wages for labor and the price of materials used. The conditions of the bond are that he shall complete the work in a satisfactory manner; that he shall pay or secure the wages of laborers and the price of materials, and that he shall not employ alien labor. The action is brought in the name of the city of Lancaster to the use of three parties who furnished materials. The principal in the bond was not served, and the defense is made by the American Surety Company in its own interest only.

The main grounds of defense set up in the affidavit filed by the surety company are: first, that the bond imposes upon it no liability to the use plaintiffs; secondly, that all matters between it and the legal plaintiff arising out of the contract were adjudicated in an action brought on the contract by S. W. Frescoln against the city of Lancaster in which he recovered $13,750, the balance found to be due him for constructing the reservoir.

A general ordinance of the city of Lancaster provides that contractors for city work shall be required to give additional bonds to the city for the use of any persons who may be aggrieved by their failure to pay for work done or materials furnished. The special ordinance authorizing the construction of the reservoir and awarding the contract required the contractor to enter security for the faithful performance of the contract.

In an action on a bond given under the general ordinance an entirely different question would be presented, but this bond was not given under that ordinance. It is not an additional bond, and is not for the use of third parties. It was given under the special ordinance, and its conditions correspond with the stipulations of the contract. In an action against a surety the obligation of a bond cannot be extended beyond the plain import of the words used. This bond is given to the city of Lancaster, and primarily for its benefit; it is the only party entitled to sue, and no recovery can be had except in its right. That the use plaintiff might incidentally be benefited by the city's withholding payment until their claims had been satisfied gave them no right of action. The bond is not like one given to secure the performance of official duties, or one whose primary object is the protection of third parties, on which suit may be brought by the parties injured in the name of the nominal obligee.

The action brought by S. W. Frescoln against the city to recover the balance claimed to be due him under the contract necessarily included every matter touching this right. The rule that what has once been judicially determined shall not again be made the subject of litigation extends to every question in the proceeding which was legally cognizable. That the claims for labor and materials were unpaid by the plaintiffs was a proper ground of defense in that action, and all of these matters must now be considered as conclusively adjudicated. The city could not maintain this action, and as the use plaintiffs here have no standing except upon the city's rights it follows that they cannot recover.

The judgment is reversed.