# Commonwealth of Pennsylvania, to use, *v.* National Surety Co., Appellant.

*Contracts—Construction—Bonds—Suretyship — State highways —Suit on bond by subcontractor—Act of May 31, 1911, P. L. 468— Affidavits of defense—Insufficient averments.*

Defendant company executed as surety a contractor's bond given in pursuance of the Act of May 31, 1911, P. L. 468, conditioned to indemnify the Commonwealth from loss resulting from negligence of a contractor in the performing of, or failure to complete, certain work on a State highway, and further providing that "for any liability for payment of wages due or material furnished said contractor, (the obligors) shall well and truly pay to all and every person furnishing material or performing labor in and about the construction of said highway, all . . . . . sums of money due him . . . . . .for all such labor and materials for which the contractor is liable" and further that such claimants should have a right of action on such bond.   In an action against the surety company

by a person who furnished labor and material the affidavit of defense averred (1) that the condition of the bond for payment of wages or for materials was intended for the protection of the State only; (2) that the condition of the bond for the payment of wages due or materials furnished by the contractor was void; (3) that there was no privity of contract between plaintiff and defendant; (4) that the State had paid the contractor in full without reserving the ten per centum mentioned in the contract until the bond should be released; (5) that the use-plaintiff had failed to give notice of his claim to the Commonwealth prior to final settlement with the contractor; (6) that part of the claim was not for labor done and materials furnished in and about the construction of the highway. *Held,* the court did not err in entering judgment against the defendant for want of a sufficient affidavit of defense, after deducting certain items from plaintiff's claim for materials not actually used in the construction of the highway.

Argued February 8, 1916. Appeal, No. 316, Jan. T., 1915, by defendant, from judgment of C. P. Del. Co., June T., 1914, No. 381, for plaintiff for want of a sufficient affidavit of defense in case of Commonwealth of Pennsylvania, to use of Benjamin F. Fields, v. National Surety Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on bond. Rule for judgment for want of sufficient affidavit of defense.

The facts appear from the following opinion by BROOMALL, J.:

This suit is upon a joint and several bond, bearing date of, July 15, 1912, executed by G. Ralph March and the defendant to the Commonwealth of Pennsylvania, in the sum of thirty-three thousand, five hundred and sixteen dollars, reciting that G. Ralph March had entered into a contract with the Commonwealth of Pennsylvania, for the construction of a certain section of highway, in Delaware County, and condition that the said G. Ralph March "shall well and truly, and in a manner satisfactory to the State highway commissioner, complete the work contracted for and shall save harmless the Com-

monwealth from any expense incurred through the failure of said contractor to complete the work as specified, or for any damages growing out of the carelessness of said contractor or his servants, or for any liability for payment of wages due, or material furnished said contractor, and shall well and truly pay to all and every person furnishing material, or performing labor in and about the construction of said highway, all and every the sum and sums of money due him, them or any of them, for all such labor and materials for which the contractor is liable." This bond contains this further provision: "And in consideration of the premises the said G. Ralph March, principal, and the National Surety Company, surety, jointly and severally, further covenant and agree with the said Commonwealth of Pennsylvania that every person or persons having a claim for any sum alleged to be due by the said contractor for any labor done or materials furnished in or about the construction of said highway, which shall have remained unpaid for a period of sixty days after the complete performance of the above mentioned contract and acceptance by the Commonwealth of the work done thereunder, shall have the right to bring suit upon this obligation and to recover such sum as may be justly due him or them, such suit to be brought in the name of the Commonwealth of Pennsylvania for the use of the person or persons having such claim; and no suit shall be a bar to other suits, but as many suits may be brought upon this obligation as there shall be persons having claims as aforesaid, provided that the aggregate of all the judgments thereon obtained shall not exceed the penal sum aforesaid, and provided that judgment in said suits shall be paid in order of priority of the institution thereof, and all judgments obtained on suits brought on any one day shall share pro rata if the amount payable under this obligation be insufficient to pay the same in full.".

This bond was given in pursuance of the act relating to the construction of State highways approved May

31, 1911, P. L. 468. The provision relating to bonds is in the 13th Section and is as follows: "Every person, firm or corporation before being awarded any contract for the construction or improvement of any State highway, under the provisions of this act, shall furnish a bond, with sufficient surety or sureties, acceptable to the State highway commissioner, in a sum equal to fifty per centum of the contract price of the work; conditioned that the contractor shall well and truly, and in a manner satisfactory to the State highway commissioner complete the work contracted for, and shall save harmless the Commonwealth of Pennsylvania from any expense incurred through the failure of said contractor to complete the work as specified, or for any damages growing out of the carelessness of said contractor or his or its servants, or for any liability for payment of wages due or material furnished said contractor; and shall well and truly pay to all and every person furnishing material or performing labor in and about the construction of said highway, all and every sum and sums of money due him, them or any of them, for all such labor and materials, for which the contractor is liable."

The statement of plaintiff's claim avers that Benjamin F. Fields, the use-plaintiff, furnished to the contractor materials and labor which entered into the construction of the highway to the amount of two thousand five hundred and ninety-four dollars and seventeen cents, and this suit is brought for the recovery of that amount with interest.

We now come to the affidavits of defense. Passing by the denial of the date of the contract between the Commonwealth and G. Ralph March as averred in the plaintiff's statement, we accept the date alleged in the affidavits of defense. The particular date of the contract is immaterial. And passing by the parts of the affidavits of defense which deny knowledge of some of the allegations of the plaintiff's statement as not being responsive thereto, and passing by a general denial of liability,

which is not sufficient under the affidavits of defense laws, we come to the real defense relied on which may be categoried under six heads:

1. The condition of the bond for payment of wages due or materials furnished the contractor is intended for the sole and exclusive use and protection of the State, and this proposition is fortified by the amount being but fifty per cent. of the amount of the contract.

2. The condition of the bond for the payment of wages due or materials furnished by the contractor is without statutory authority and was in derogation of the rights of the State and therefore void.

3. There is no privity of contract between Benjamin F. Fields, the use-plaintiff, and the defendant.

4. The State has paid the contractor in full, without receiving ten per centum until the bond should be released, whereby the State has released and discharged the defendant.

5. The use-plaintiff failed to give notice of his claim to or make any demand upon the Commonwealth or the defendant, prior to the final settlement with or payment to the contractor.

6. Some or all of the plaintiff's claim is not for any labor done or materials furnished in and about the construction of the said highway.

As to the first item of this defense, it is of no moment what the clause in the bond was intended for, other than such intent may afford aid in its construction. But the clause is not ambiguous. There can be no doubt about the meaning of the bond where it says, "and shall well and truly pay to all and every person furnishing material, or performing labor in and about the construction of said highway, all and every the sum and sums of money due him, them or any of them, for all such labor and materials for which the contractor is liable." It is one of what is called "the sole and exclusive use and protection of the State" to see to it that the contractor pays for his work and materials. The security of creditors

dealing with the contractor being provided for, the contractor is thereby enabled to command more honest and capable workmen and materialmen, to the consequent advantage of the State: Philadelphia v. Stewart, 195 Pa. 309; Id. 198 Pa. 422; Philadelphia, to use, v. Neill, & Lincoln Savings & Tr. Co., 211 Pa. 353.

The amount of the bond is fixed at fifty per cent. of the contract price in accordance with the Act of May 31, 1911. We fail to see the force of the argument that because the amount of it is not large enough to cover all of the breaches of its conditions, therefore it was not intended to cover them so far as it would go. The bond contemplates that the breaches of its conditions may exceed the amount of it, and carefully limits liability to that amount, and provides for the recovery by use-plaintiffs in the order of their writs. If the State is more interested to obtain redress for other breaches of the conditions of the bond than the one under consideration and should attempt to assert preferable redress to the exclusion of the contractor's labor and materialmen, such case will have to be left until it arises. We see no reason why the State may not use its own bond in any way it may be to its greatest advantage. It is sufficient in this case to know that the liability asserted in this suit does not exceed the amount of the bond.

As to the second item of the defense, the bond has for its statutory authority the Act of May 31, 1911. It is in the very words of that act, with the further provision intended to be in execution of its details, and in protection of the obligors, that suits may be brought on it for the use of labor and materialmen, and that recovery may be had in the order of their writs, not exceeding in the aggregate the full amount of the bonds, and that there shall be a pro rata recovery among those whose writs bear the same date. These details are fairly well within the scope of the act. Therefore the condition of the bond for the payment of wages due or materials furnished the contractor has statutory authority to support it. It does

not derogate from the rights of the State.    The State having entire dominion over the bond will pursue it in such manner as to best subserve its interests.

The third item of the defense is that there is no privity of contract between Benjamin F. Fields, the use-plaintiff, and the defendant.    The bond contains the defendant's obligation to "well and truly pay to all and every person furnishing material or performing labor in and about the construction of said highway," together with an agreement that the labor and materialmen may sue upon the bond in the name of the Commonwealth to their use.    After the labor has been performed and the materials have been furnished, it is difficult to understand how the defendant may successfully answer to one whom it has promised to pay and agreed upon the method by which payment may be enforced, "I am not in privity with the person who is suing for your benefit nor with you."    As to the plaintiff in this suit, the defendant is in direct privity by the bond.    If the plaintiff could not legally accept the defendant's undertaking, the undertaking would be nugatory.    This was the case prior to the Act of May 31, 1911; Com., to use, v. Empire State Surety Co. (No. 1), 50 Pa. Superior Ct. 404, but under the Act of 1911, the Commonwealth can legally accept such undertaking.    Indeed Fields could maintain an action in his own name, not upon the bond, but upon the promise to pay him contained therein, upon the principle stated in Adams v. Kuehn, 119 Pa. 76, 85, "Where one person enters into a contract with another to pay money to a third......and such third party is the only party interested in the payment, he can release the promisor from performance or compel performance by suit."    Kountz v. Holthouse, 85 Pa. 235, is authority to the same effect.    Of course, there must be a consideration to support the promise, but the detriment to Fields from parting with his work and materials after the defendant's promise to pay him was made furnishes consideration.    If A promises B that if C works for B, he, A, will pay

C for such work, and thereupon C works for B, there is manifestly a privity between A and C, and C may maintain an action in his own name to recover for such work; or as in our case, where the form of the remedy is agreed upon in the bond may maintain an action in the name of B to his use. In the latter case, the bond affords the privity, and by its seal imports consideration. A simple agreement with the Commonwealth to pay for all wages and materials would not be sufficient: Lancaster v. Frescoln, 203 Pa. 640; First Methodist Episcopal Church, to use of Hall, v. Isenberg, 246 Pa. 221; Sweeney v. Houston, 243 Pa. 542; but in our case the statute provides for an agreement to pay the workmen and materialmen and in the bond it is so agreed. This was the case in Philadelphia, to use, v. Neill & Lincoln Savings & Trust Co., 211 Pa. 353, as well as in Philadelphia v. Stewart, supra, and Philadelphia, to use, v. Fidelity & Deposit Co. of Md., 46 Pa. Superior Ct. 313. We, therefore, conclude there is no lack of privity between the parties.

As to the fourth item wherein the defendant claims to be relieved because the State has paid the contractor in full without reserving the ten per cent. mentioned in the contract until the bond should be released, if there had been such a provision in the contract, the defendant would be discharged: Com., to use, v. Empire State Surety Co. (No. 1), 50 Pa. Superior Ct. 404; but there is no such provision in this contract. Even a notice by the surety not to pay the contractor moneys which are due would not avail as a defense: Philadelphia, to use, v. McLinden, 205 Pa. 172. In our case the moneys paid were paid after they were due and payable. The only reservation was that the contractor should satisfy the Commonwealth that his labor and material bills were paid. It does not appear that this was not done. Non constat that the contractor did not deny all liability to Fields, and while he may have satisfied the Commonwealth of this, yet subsequently when sued by Fields, he

did not succeed in satisfying a jury that such was the fact. We do not recognize this item as a defense.

We fail to see any defense in the fifth item. There is no contractual obligation on the use-plaintiff to give notice of his claim to the Commonwealth or to the defendant.

The sixth item is that some or all of plaintiff's claim is not for labor done or materials furnished in and about the construction of the highway. The plaintiff's statement avers that they are. The only light which the defendant presents for our consideration is the itemized statement of plaintiff's account, and our particular attention is called to the charges for hauling and the sheet of the account with the footing five hundred and eighteen dollars and eighty-four cents. The hauling by Fields amounting to eight hundred and eighty-five dollars, and the hauling on the five hundred and eighteen dollars and eighty-four cents sheets, which apparently he procured to be done by others, was for work which the plaintiff alleges was done in the construction of the highway. The hauling is specifically mentioned in the contract between Fields and the contractor as something to be done in connection with the construction of the highway. With no categorical denial by the defendant, there would appear to be no defense as to this.

As to materials, the settled rule, as stated by HALL, P. J., in Com., to use, v. Empire State Surety Co. (No. 1), affirmed on appeal, 50 Pa. Superior Ct. 404, "seems to be that the words 'material furnished' for any structure, work or improvement, in contracts of this kind, applies only to such materials as enter into and become component parts of the structure, work or improvements contemplated, and do not include machinery, tools, fuel, oils or appliances used for the purpose of facilitating the work, nor does it include horses or stables used for such purpose, nor loss of time nor any other expenditure incurred for things which do not remain as a component part of the finished whole." Tried by this test, a few of

the items in plaintiff's claim will have to be deducted. They are dynamite, fuse, caps, grubbs, and cost of protest, amounting to ten dollars and forty-nine cents. The plaintiff's claim is therefore thus:

| | |
|---|---:|
| Amount claimed, .................. | $2,494.17 |
| Deduction as above, ............... | 10.49 |
| | $2,583.68 |
| Interest to July 10, 1915, ........... | 396.40 |
| | $2,980.08 |

It is suggested by the defendant that this action cannot be maintained against it alone. But the bond being a joint several one, the action can be maintained against one of the obligors, even if he be a surety: Beeson v. Commonwealth, 13 S. & R. 249.

The lower court entered judgment for the plaintiff for $2,980.08 for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Albert Dutton MacDade,* for appellant.

*Frank G. Perrin,* with him *W. Roger Fronefield,* for appellee.

PER CURIAM, March 13, 1916:

The judgment is affirmed on the opinion of the learned court below entering judgment against the defendant for want of a sufficient affidavit of defense.