## Philadelphia to use v. Jackson & Co. Inc., and (Fidelity & Casualty Co., Appellant).

*Principal and surety—Municipal contractor's bond — Nonpayment for materials furnished.*

1. Where a contractor for municipal work fails, and the city terminates the contract, seizes the material furnished by a materialman, and delivers the same to another contractor to complete the

work, the surety on the bond of the original contractor will be liable for the value of the material, where the bond required payment for all materials furnished or supplied "upon, in or about said buildings or work," and the ordinance authorizing the bond provides for payment for materials supplied "in the prosecution of the work," or "in or about the buildings or work."

2. In such case, it is immaterial that the materials had not as yet entered into the physical structure of the work involved, if it appears that they were of a character contemplated by the original contract, were furnished in good faith for the purpose of incorporation into the structure covered by the contract, were suitable for the object in view, and would presumably be used in the work.

3. A surety will not be liable for materials which were not designed to become part of the work, but were merely intended as aids or appliances which the contractor would naturally be expected to furnish and which, if they remain on completion of his task, he would be expected to take away with him.

4. The test is the character of the materials and the purpose for which they are furnished rather than the degree of physical incorporation.

Argued March 25, 1924. Appeal, No. 322, Jan. T., 1924, by defendant surety, from order of C. P. No. 3, Phila. Co., Sept. T., 1923, No. 560, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Phila., to use of American Bridge Co. v. Jackson & Co., Inc., and the Fidelity & Casualty Co. of New York, surety. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on bond of suretyship.

Rule for judgment for want of sufficient affidavit of defense. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant surety appealed.

*Error assigned* was order, quoting record.

*William G. Wright,* with him *John P. Connelly,* for appellant.—The sureties are not liable on the bond in

suit: Robertson Co. v. Indemnity Co., 77 Pa. Superior
Ct. 422; Phila. v. Malone, 214 Pa. 90; Com. v. Surety
Co., 50 Pa. Superior Ct. 404.

Nothing is under the protection of the so-called penal
bond unless it enters into and forms a component part of
the completed structure: Phila. v. Malone, 214 Pa. 90;
Com. to use v. Surety Co., 253 Pa. 5; Com. to use v.
Surety Co., 50 Pa. Superior Ct. 404; Moyer v. Slate Co.,
71 Pa. 293.

*Theodore S. Paul,* with him *Henry, Pepper, Bodine &
Stokes,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April
21, 1924:

This is an appeal from a judgment for want of a suf-
ficient affidavit of defense.

On September 29, 1922, the City of Philadelphia
awarded to Jackson & Company, Inc., a contract for the
construction of a sewage pumping station. The con-
tractor gave two bonds, one conditioned for the proper
construction of the work and the other conditioned that
the obligor "shall and will promptly pay or cause to be
paid to any and all persons any and all sum or sums of
money which may be due for labor or materials or both,
furnished, done, performed or supplied upon, in or about
the said buildings or work." The present suit is against
the obligor and its surety on this second bond; the surety
is appellant.

The use-plaintiff furnished Jackson & Company with
certain structural steel, to use the words of the affidavit
of defense, "for the purpose of construction" of the sta-
tion in question. Before any of the material had been
placed in the building, the original contractor became
financially embarrassed and ceased work; whereupon the
city terminated the contract, took over the completion
of operation, and, for that purpose, seized the steel which
had been delivered by the use-plaintiff; all of which was

done pursuant to the terms of the original agreement. Subsequently, the city, after complying with the essential legal formalities, let a new contract to another company for the construction of the station on the plans originally agreed upon, and delivered to the new contractor the materials previously furnished by the use-plaintiff, so that they might be employed in the work; appellant admits in its brief that "the new contractor holds [the use-plaintiff's steel] for that purpose," but it contends that, inasmuch as such materials have not actually entered into the structure, and as they have been seized by the city and delivered to the new contractor to be used under a different contract, there is no obligation, on the part of the surety, to pay, citing Robertson Co. v. Globe Indemnity Co., 77 Pa. Superior Ct. 422.

In disposing of appellant's contention, the court below said of the case just mentioned that it did not apply, because the bond there sued on "was given under the acts providing for the construction of state highways, and is more restricted in language than the one before us."

The obligation in the Robertson Case was drawn under section 13 of the Act of May 31, 1911, P. L. 519, providing that the contractor "shall well and truly pay to all and every person furnishing material......in and about the *construction* of said highway." The ordinances under which the present obligation was given provided for a bond conditioned that the contractor shall and will promptly make payment to all persons supplying him or them with labor and materials "in the *prosecution* of the work" (Ordinance of March 30, 1896, p. 68), or *"in or about the buildings or work"* (Ordinance of April 3, 1909, p. 71). The bond itself in the Robertson case was to pay for material furnished "in and about the construction," while here, the word "construction" is omitted from the bond, a difference in language not without significance. Moreover, there are other substantial differences in fact between that case and this one. The material involved in the Robertson Case was

neither used in the work nor was it fit for such use; while here, the materials in controversy were, as stated in appellant's brief, "designed to form part of the completed structure, [and were] delivered to the new contractor, who will presumptively use them in carrying out his contract." In other words, the materials here in controversy were covered by the original contract under which the work was being done, were furnished bona fide to go into that work, were fit for the purpose, and the fact that they had not yet been so employed at the time of suit was not attributable to any fault of the plaintiff; under these circumstances, the court below correctly overruled defendants' contention and entered judgment on the bond.

None of the authorities mentioned in the Robertson v. Globe Co. opinion are at variance with the views just stated, nor do we find any case in this court inconsistent with our present decision.

The bond here sued on required payment for all materials furnished in or about the work and expressly states that it is given pursuant to the ordinance of March 30, 1896, as supplemented by the ordinance of April 3, 1909, which, as before stated, authorizes a bond to secure payment to all persons supplying materials *"in the prosecution of the work,"* and the fact that the language of these ordinances and the bond given pursuant thereto is more comprehensive than that contained in the Act of May 10, 1917, P. L. 158, which empowers, but does not require, cities to exact from contractors "an additional bond......providing for the payment of all labor and materials *entering into......improvements,"* in no way alters the obligation of the bond as written. "It was given voluntarily for a lawful purpose and may be enforced according to its terms": Bowditch v. Gourley, 24 Pa. Superior Ct. 342, 345.

Appellant's contention that materials which are the subject of a suit must in every instance have actually entered into the physical structure of the work involved,

cannot be sustained. Under a bond like the one before us, it is sufficient if the materials are of a character contemplated by the original contract, were furnished in good faith for the purpose of incorporation into the work covered by that contract, and were suitable for the object in view: Red Wing Sewer Pipe Co. v. Donnelly, 102 Minn. 192, 113 N. W. 1; Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271; Donnelly on the Law of Public Contracts, p. 470; Dillon on Municipal Corporations, section 830, note 4. This determination is not affected by subsequent events such as those in the present case, where the materials were lawfully seized by the city, delivered to the new contractor in strict compliance with the municipality's rights under the original contract, and will, as appellant admits, presumably be used in the structure contemplated by that contract.

The conclusion just stated does not offend the well-established doctrine that "the words 'material furnished' for any structure, work or improvement, in contracts of this kind, apply only to such materials as enter into and become component parts of the structure, work or improvements contemplated" (Com. v. Nat. Surety Co., 253 Pa. 5, 13, 14; Phila. v. Malone, 214 Pa. 90, 97; Com. v. Empire State Surety Co., 50 Pa. Superior Ct. 404); for the decisions to that effect relate to the character of materials for the cost of which the surety may be held liable, the test being whether the materials in controversy were designed to become a component part of the finished work, or were merely intended as aids or appliances which the contractor would naturally be expected to furnish and which, if they remain upon the completion of his task, he would be expected to take away with him. In other words, the point of the decisions in question is not to be found in the degree of physical incorporation which is essential to a recovery for materials admittedly within the terms of the bond, but rather in the character of the materials and the purpose

for which they were furnished; this is clearly apparent from the facts and language of the cases under discussion.

The judgment is affirmed.