Philadelphia, to use, *v.* Stange et al., Appellants.

Argued December 3, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Samuel Kagle,* with him *George C. Klauder,* for appellants.—The learned trial judge reviewed the evidence of plaintiffs bearing on a material issue of fact without calling the attention of the jury to the evidence introduced by defendants in contradiction and opposition thereto.

The learned court below, in presenting only one side of the case, committed reversible error. This proposition has been squarely ruled in Burns v. P. R. R., 213 Pa. 280.

It is now well settled that, under a general exception, a litigant may assign all errors of law or any matter which is inadequately presented and which tends to mislead the jury: Mastel v. Walker, 246 Pa. 65; Weiss v. Guarantee & Accident Co., 280 Pa. 325, 330; Snyder v. R. R., 284 Pa. 59, 62; Penrose v. Coal Co., 289 Pa. 519, 525; Byrne v. Ry., 219 Pa. 217.

The use-plaintiff, the White Company, who was neither a laborer nor a materialman, was a stranger to the

bond and had no right to bring suit thereon: Erie, to use, v. Diefendorf, 278 Pa. 31; Greene Co. v. Surety Co., 292 Pa. 304; Dark v. Johnston, 55 Pa. 164.

Merely furnishing trucks to haul dirt to the area covered by the bond is not such a claim for labor or materials as was intended to be secured by the bond in suit: U. S. v. Surety Co., 21 Pa. Superior Ct. 159; Robertson v. Indemnity Co., 77 Pa. Superior Ct. 422; Moyer v. Slate Co., 71 Pa. 293; Phila. v. Trust Co., 38 Pa. Superior Ct. 286.

*Thomas C. Egan,* with him *Wilheim F. Knauer* and *Wolf, Block, Schorr & Solis-Cohen,* for appellees.—A use-plaintiff's case rests on the rights of the legal plaintiff: Stern Mfg. Co. v. Smith, 273 Pa. 39; Automobile Securities Co. v. Wilson, 293 Pa. 143.

The assignee of a labor or material claim on a bond acquires all the rights of his assignor: Title G. & T. Co. v. Crane Co., 219 U. S. 24.

Hauling and placing fill constitutes "labor performed" within the meaning of the bond: Com., to use, v. Surety Co., 253 Pa. 5.

The court's charge was neither inadequate nor misleading: Rochester First Nat. Bank v. Fry, 294 Pa. 425; Cook v. Donaldson, 296 Pa. 389; Saxman v. McCormick, 278 Pa. 268, 273; Schlossstein v. Bernstein, 293 Pa. 245.

OPINION BY MR. CHIEF JUSTICE FRAZER, January 5, 1932:

This action in assumpsit is to recover on a bond given by defendants to the City of Philadelphia to protect laborers and materialmen under a contract with defendant city. The pertinent facts follow: On June 22, 1925, the Stange Construction Company entered into a written contract with the City of Philadelphia to grade Pattison Avenue from Tenth Street to Eleventh Street, Tenth Street from Bigler Street to Pattison Avenue and

Eleventh Street from Pattison Avenue to Terminal Avenue. On the same day, the Stange Construction Company, as principal contractor, together with the Southern Surety Company, as surety, delivered their joint bond to the municipality in the amount of $38,400 to secure payment of labor and material claims in accordance with the provisions of an ordinance of council entitled: "An ordinance for the protection of persons, other than those contracting directly with the city, who perform labor and furnish materials for the erection, construction, addition, removal, alteration, or repair of buildings, structures or other work and improvements for public use, including the work of setting up and equipping the same for the City of Philadelphia." Section 2 of the ordinance provides, among other things, that "Any person so performing labor or furnishing and supplying materials in the prosecution of the work covered by said contract and not receiving payment therefor, shall have a right of action and shall be authorized to bring suit in the name of the City of Philadelphia on said bond, for his use and benefit, against said contractor and against the surety on said bond." The work to be done under this contract was in connection with grading land, a part of the preparation for the Sesquicentennial Exposition. The Stange Construction Company engaged the Hastings Dump Truck Company as subcontractors to grade a portion of the area covered by the above contract, and the subcontractor in turn orally engaged Dourte & Irelan, Inc., to haul fill to the area which they had agreed to grade for the Stange Construction Company. Dourte & Irelan, Inc., was paid for the work done by it to the end of August, 1925, but not for work done between September 1st and September 26, 1925. It is for the recovery of this item, amounting to $13,764.35, with interest from September 26, 1925, that the present action was instituted. On September 26, 1925, the Hastings Company abandoned the job and thereafter Dourte & Irelan, Inc., continued

to work for the Stange Construction Company direct.
Dourte & Irelan, Inc., assigned its claim against defend-
ants on the bond filed with the city to the White Com-
pany, which assignee appears in this suit as the second
or ultimate use-plaintiff. The pleadings consisted of a
statement of claim and separate but identical affidavits
of defense filed by the Stange Construction Company
and the Southern Surety Company defendants. Wit-
nesses were called for both sides and there appears con-
siderable conflict in the testimony. The jury returned
a verdict for plaintiffs for $18,283.55, which represented
the claim with interest. The defendants filed motions
for a new trial and judgment n. o. v., both of which were
refused. Final judgment being entered on the verdict,
defendants appealed.

Appellants present four contentions in resisting the
judgment appealed from, each of which we shall men-
tion in the discussion which follows.

As above stated, Dourte & Irelan furnished trucks
and hauled earth to the scene of the grading. Appel-
lants' contention that "merely furnishing trucks to haul
dirt to the area covered by the bond [was] not such a
claim for labor or materials as was intended to be se-
cured by the bond in suit," is untenable under the facts
here presented. The scope of the bond is to be deter-
mined, in this character of case, in the light of the pur-
pose or contemplation of the principal contract let:
Phila. v. Jackson Co., Inc., 280 Pa. 319, 324. The con-
tract contemplated grading definite city streets where a
fill was necessary. Without the hauling and putting in
place of the material in question, there could have been
no grading. The ordinance under which the bond was
given recognized the necessity for such incidents as the
hauling of fill when it included in its protective clause
the words, "or other work and improvements for public
use." Section 2 of the ordinance gave a right of action
to those supplying labor and materials "in the prosecu-
tion of the work covered by said contract, and not re-

ceiving payment therefor." The hauling of fill was plainly "other work......for public use," and, in view of the nature of the improvement sought to be accomplished by the contract, there is no reason to hold that Dourte & Irelan's contribution was outside the contemplated purview of the contract. The labor performed by the Dourte firm was indispensable to the contemplated performance of appellants' contract with the city, and, as in Phila. v. Tradesmen's T. Co., 38 Pa. Superior Ct. 286, 290, where cartage was considered "labor furnished," so here, the hauling was clearly labor performed within the meaning of the bond.

The contention that the White Company, the assignee of Dourte & Irelan, is without right to maintain the present proceeding is ill conceived as they are not the legal plaintiffs. Under the above quoted part of section 2 of the ordinance, which was incorporated in the bond delivered by defendants to the city, any laborer or materialman who was not paid was given the right to sue defendants on the bond in the name of the city. When Dourte & Irelan were not paid for the hauling done by them between September 1st and 26th, their right of action on the bond accrued. They became entitled to sue as use-plaintiffs, in the name of the city, the legal plaintiff. The city is to be regarded as trustee for those who might become beneficially interested, and is the nominal plaintiff only: Phila., to use, v. McLinden, 205 Pa. 172, 176; see also Blue Star Navigation Co. v. Emmons Corp., 276 Pa. 352, 356; Greene Co. v. Southern Surety Co., 292 Pa. 304, 317. In the present case the city is properly made the legal plaintiff and the firm of Dourte & Irelan properly appears as use-plaintiff. The fact that the White Company is joined as a second or ultimate use-plaintiff, being assignee of Dourte & Irelan, Inc., in no way affects the liability of defendants on their bond. The right to maintain this action in the name of a legal plaintiff is the controlling consideration. Dourte & Irelan clearly fall within the protected class, and ac-

cordingly have a right of suit: Greene Co. v. Southern Surety Co., supra. This right being determined, it is a matter of indifference whether the judgment, if sustained, goes into the pocket of the use-plaintiff or one to whom he chooses to assign his interest. Conceding the right of suit, the assignment to and joinder of the assignee does not prejudicially affect defendants, much less vitiate the right of remedy by suit: Title Guaranty & Trust Co. v. Crane, 219 U. S. 24; Southern Surety Co. v. Peoples St. Bank, 47 Fed. (2d). 93.

Appellants complain of several matters in the court's charge, the most important being that, in reviewing the evidence as to the disputed scale of prices to be paid to the Dourte firm per load for hauling, the trial judge referred to plaintiffs' scale without mentioning that contended for by defendants. The court carefully explained that the figures he repeated were plaintiffs' and were disputed by defendants. Taking the charge as a whole, the court's statement in this regard could not have misled the jury, as it clearly appeared he was, at the time, merely reciting plaintiffs' claims. However, defendants had ample opportunity to have the matter settled to their satisfaction, as the trial judge expressly requested counsel to advise him whether anything had been left unsaid that should have been said and defendants not only failed to mention this matter but took only a general exception. In an analogous situation, where a similar complaint was for the first time raised on appeal, we said "defendant is in no position to take advantage of what was not said by the trial judge (McCaffrey v. Schwartz, 285 Pa. 561, 568; Davis v. Cauffiel, 287 Pa. 420), especially as only a general exception was taken to the charge. Except as to matters basic and fundamental, a trial court will not be reversed for failure to instruct the jury on a question not called to its attention: Loughrey v. P. R. R. Co., 284 Pa. 267; Gillett et ux. v. Yellow Cab Co., [87 Pa. Superior Ct. 365]"; Schlossstein et ux. v. Bernstein, 293 Pa. 245, 252-3. More-

over, appellants have presented no adequate assignment of error on this point. There is no worth in appellants' further contention that the court failed to make evident to the jury that there was an issue as to the correct schedule of prices to be paid for the hauling and another issue regarding where the fill was delivered— to this location or to another in the vicinity—before them for decision. The charge treated of both issues. If defendants wished additional instructions it was their duty to present them when the opportunity was given. This they failed to do. Plaintiffs' account books, made up from temporary tickets or cartage memoranda given to the truck drivers on delivering each load of earth, and turned in by them at the end of each day, offered as proof of the items of plaintiffs' claim were properly admitted as books of original entry under the law as enunciated in Phila. v. Tradesmen's T. Co., supra. We deem unnecessary discussion of the other numerous objections made to the court's charge, as all are destined to fail either because they refer to inaccuracies of so trivial a nature as to be harmless, or because, as stated in the Schlossstein Case, they cannot be raised here on a general exception.

Although it is true that considerable conflict existed in the testimony, we are not convinced that the verdict was speculative. A reading of the entire record shows there was sufficient evidence before the jury on which to sustain their verdict. They had before them the plaintiffs' witnesses and books of original entry, and the evidence produced from these two sources disclosed the dates upon which the respective loads were hauled, the number of them, their points of origin, the unit prices per load and the total charges per day.

The judgment is affirmed; costs to be paid by appellants.