Com. to Use, Appellant, *v.* A. Stryker, Inc. et al.

Argued November 15, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Charles H. Weidner,* and with him *Stevens & Lee,* for appellant, cited: Purdy v. Massey et al., 306 Pa. 288; Mt. Lebanon Township to the use of Bessemer Cement Corporation v. Metropolitan Cas. Ins. Co. of N. Y. 106 Pa. Superior Ct. 209.

*Samuel E. Bertolet,* for appellees, cited: Robertson Co. v. Globe Indemnity Co., 77 Pa. Superior Ct. 422; Com. v. Empire State Surety Co., 50 Pa. Superior Ct. 404; Com. v. National Surety Co., 253 Pa. 13.

OPINION BY STADTFELD, J., July 14, 1933:

This is a suit upon a contractor's bond. A. Stryker, Inc., as contractor, was awarded a contract, dated June 7, 1929, by the Secretary of Highways, for the construction of a state highway located in Exeter Township, Berks County. At the same time, A. Stryker,

Inc., and National Surety Company, executed and delivered to the Commonwealth as obligee, a surety bond conditioned, inter alia, for the payment of all labor and materials furnished "in and about the construction of said highway."

The highway was built under said contract. By order of court on May 8, 1931, Howard W. Read Corporation was permitted to intervene as a party claimant in the suit of Commonwealth of Pennsylvania to the use of William B. Sheidy v. A. Stryker, Inc., and National Surety Company on said bond.

Howard W. Read Corporation, use-plaintiff, entered into an oral contract with E. Watson Davis, Inc., a sub-contractor under A. Stryker, Inc., to furnish and hire certain machinery consisting of rollers and graders. No operators were furnished by use-plaintiff to operate this machinery which was used in constructing the highway. This action was brought to collect a balance due on account for the use and hire of said machinery. Plaintiff's statement avers that the said equipment and machinery were furnished in and about the construction of said highway.

The defendants filed an affidavit of defense raising certain questions of law, one being, in substance, that the items claimed were not within the terms of the bond and that therefore no recovery could be had for the same. After argument the court on May 2, 1932, in an opinion by Schaeffer, J., sustained the demurrer and entered judgment in favor of defendants. On May 7, 1932, plaintiff filed a petition to open the judgment and for leave to file an amended statement of claim averring that the work and labor performed by plaintiff were furnished and performed in and about the construction of said highway and in the prosecution of the work contracted for by the Commonwealth of Pennsylvania, and became a component part of the completed structure; that the graders furnished by plain-

tiff were used to grade the ground surface of said highway before the concrete surface was placed thereon, and also to grade that part of said highway known as the "ground shoulder;" the gas rollers furnished by plaintiff were used to roll the ground surface of said highway and also to roll the "ground shoulder" of the same. Plaintiff also averred that said bond was executed in pursuance of, and to all intents and purposes in compliance with the terms and provisions of the Act of May 7, 1929, P. L. 1590, amending Section 13 of the Act of May 31, 1911, P. L. 468. Upon this petition a rule to show cause was granted. A demurrer was filed by defendants assigning in support thereof, inter alia, that it was for the recovery of the same rental or hire of equipment as shown by the original statement, and which were not covered under the conditions of the bond. The court, on July 5, 1932, sustained the demurrer and dismissed the petition to open the judgment. From this judgment use-plaintiff appeals, contending that the bond must be construed as a statutory bond given under the Act of 1929, and that the rental value of the machinery furnished by plaintiff is recoverable thereunder.

The bond in the instant case is conditioned for the payment of all labor and materials furnished "in and about the construction of said highway."

Section 13 of the Act of May 7, 1929, supra, amending the Act of 1911, provides that the bond shall be conditioned to "well and truly pay for all material furnished and labor performed in the prosecution of the work contracted for, whether or not the said labor or materials enter into and become component parts of the structure, work or improvement contemplated."

The use-plaintiff contends that the provisions of the Act of 1929 must be read into the bond and cites numerous cases from other jurisdictions in support. In our own state, however, the decisions are to the contrary.

In Erie v. Diefendorf, 278 Pa. 31, where an attempt was made to read the Act of May 10, 1917, P. L. 158, into the bond, the Supreme Court said at p. 34: "In an action against a surety the obligation of a bond can not be extended beyond the plain import of the words used" and at p. 37, "Other jurisdictions may entertain a view different from that shown by decisions in this state, but the Pennsylvania view is not without support elsewhere." In Lancaster v. Frescoln, 192 Pa. 452, the court refused to read a general ordinance, requiring contractors for city work to give a bond for the use of persons not paid for work or materials, into the bond which was actually given and which did not contain such a condition.

As was said in an annotation in 77 A. L. R. 152: "There is a conflict of authority on the question of whether a condition prescribed by statute for the benefit of laborers and materialmen will be read into and treated as part of the bond from which it has been omitted, where the bond does not expressly exclude the condition. It has been held in many cases that where the bond actually executed does not contain a condition for the payment of laborers and materialmen, such persons can not recover on the bond, though a statute requires the execution of a bond conditioned for their payment and benefit." These cases are in line with the decisions in our own state.

Even if we were to read the provisions of the Act of 1929 into the bond, it would not bring the items for which claim is made within the conditions of the bond. We believe that the principle set forth in the case of Phila. v. Jackson and Co., Inc., 280 Pa. 319, although decided before the passage of the Act of 1929, still applies. Quoting from the opinion by Mr. Chief Justice Moschzisker in that case, p. 324, "...... the test being whether the materials in controversy were designed to become a component part of the finished work, or

were merely intended as aids or appliances which the contractor would naturally be expected to furnish and which, if they remain upon the completion of his task, he would be expected to take away with him.''

In the instant case, the gas roller and power grader, for the hire or use of which plaintiff makes claim, was apparatus or equipment which did not nor was intended to go into, or become part of the completed work or structure, but was of the kind that the contractor, upon the completion of the contract, would be expected to take away with him. Quoting from the opinion of the lower court, SCHAEFFER, J., in the main case involving the bond in this case: ''Nor can the plaintiff's claim be upheld as labor performed in and about the construction of the highway. It is true that in Philadelphia v. Tradesmen's Trust Co., 38 Pa. Superior Ct. 286, it was held that charges for furnishing a horse and cart were recoverable as labor furnished to the job. In Commonwealth, to use, v. National Surety Company, 253 Pa. 5, it was held that charges for hauling in connection with the construction of a highway were recoverable from the surety on the contractor's bond. And so in Philadelphia, to use, v. Stange, 306 Pa. 178, hauling of fill was held to be labor in the construction of the improvements contemplated for which the contractor's surety was liable. In this last case it appears that the hauling was done by the use-plaintiff; in other words, that the use-plaintiff furnished the man who operated the trucks that hauled the dirt. We think that the same conclusion is to be inferred from the opinion in the case of Commonwealth v. National Surety Company, supra; but in our case the use-plaintiff's claim is devoid of all items involving human effort, and, hence, none of it can be said to be for labor.'' We think the court was correct in holding that there is no right of action against the defendants for the non-payment of the items set forth

in plaintiff's statement. They are neither for labor nor material.

The assignments of error are overruled and judgment affirmed.