Commonwealth, to use, v. Ciccone (et al., Appellant).

Argued April 30, 1934. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. T. Campbell,* of *Swartz, Campbell & Henry,* for appellant.

*Edward H. Cushman,* with him *J. Barton Rettew* and *John H. Stone,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1934:

Joseph Ciccone, as principal, and Indemnity Insurance Company of North America, as surety, executed a bond to the Commonwealth for the use of any and every person interested, conditioned that if the principal pay all sums of money which may be due any person, copartnership, association or corporation "for all material furnished and labor supplied or performed in the prosecution of the work [of improving a state highway] whether or not the said material or labor enter into and become component parts of the work or improvement contemplated, then this obligation to be void, otherwise to remain in full force and effect." The band stipulated that "the principal and surety hereby jointly and severally agree with the obligee herein that every person, copartnership, association or corporation, who, whether as subcontractor or otherwise, has furnished material or supplied or performed labor in the prosecution of the work as above provided, and who has not been paid therefor, may sue in assumpsit on this additional bond in the name of the Commonwealth."

The Atlantic Refining Company, use plaintiff, supplied to Ciccone gasoline, rayolight oil and heavy oil at

a cost of $10,030.26. The gasoline and heavy oil were used by the contractor in the operation of shovels, trucks, rollers, bulldozers, tractors and graders, and the rayolight oil in furnishing light in danger signals used in the performance of the contract. The use plaintiff brought suit on the bond and judgment was entered in its favor in the court below for want of a sufficient affidavit of defense. From this judgment the indemnity company appeals, alleging that it is not liable under its bond for the cost of the materials furnished.

The bond is dated June 20, 1932, and was given under the requirements of section 13 of the Act of June 26, 1931, P. L. 1388, which provides that every contractor for the construction or improvement of a state highway shall furnish a bond in a sum equal to fifty percentum of the contract price of the work, "which bond shall be conditioned for the prompt payment of all material furnished and labor supplied or performed in the prosecution of the work, whether or not the said material or labor enter into and become component parts of the work or improvement contemplated. ......Every such additional bond shall provide that every person, copartnership, association, or corporation, who, whether as subcontractor or otherwise, has furnished material or supplied or performed labor in the prosecution of the work as above, and who has not been paid therefor, may sue in assumpsit on such additional bond, in the name of the Commonwealth, for his, their, or its use and prosecute the same to final judgment for such sum or sums as may be justly due him, them or it, and have execution thereon."

The question for determination is whether the use plaintiff, which furnished gasoline, heavy oil and rayolight oil used and consumed by the contractor in the performance of his contract, may recover therefor from the surety on his bond. In Com. v. Union Indemnity Co., 299 Pa. 143, we held that under a bond given to the Commonwealth in pursuance of the Act of May 16, 1921,

P. L. 650, a surety was not liable for gasoline and rayolight oil used in operating shovels employed by the contractor while engaged in the work. The condition of the bond in that case was that the surety "shall well and truly pay for all material furnished and labor performed in and about the construction of said highway." We there said that no recovery could have been had under the prior Act of May 31, 1911, P. L. 468, for the reason that a surety on a bond given under that act could be held liable only for such materials as entered into and became a part of the visible work which was contracted to be done, and we observed, under the authority of Phila. v. Malone, 214 Pa. 90; Com. v. National Surety Co., 253 Pa. 5, and Phila. v. Jackson & Co., Inc., 280 Pa. 319, that it could not be said that any of the materials claimed for either entered into or became part of the visible work. The claimants under the bond in the Union Indemnity case argued that the amending act of 1921 had widened the obligation of sureties and rendered the defendant liable. We pointed out that this was not based upon any change made in the wording of the bond required to be given, because there was no change wrought by the amending act of 1921. In answer to the argument that that enactment evidenced a legislative intent to extend the liability of sureties to cover material such as those there claimed for, we said that the extension of liability by the amendment would have to be clear and certain, because, if the legislature intended to extend it, it would have been easy to do so by direct language, and we observed that liability ought not to rest upon inference or strained construction but should arise directly from the express words of the act. We called attention to the fact that the prescribed condition of the bond under the two acts was substantially the same. We held the surety not liable, and we based our decision upon the principle laid down in the preceding cases, that the materials which could be re-

covered for under the bond must be such as entered into and became a part of the visible work.

Now we have an entirely different situation created by the language of the Act of 1931. This act provides that the bond "shall be conditioned for the prompt payment of all material furnished and labor supplied or performed in the prosecution of the work, whether or not the said material or labor enter into and become component parts of the work or improvement contemplated." In view of the present law, which removes the requirement of the earlier cases that the material must have entered into and become a component part of the work, the only question open for determination in the pending case is whether the materials here supplied can be said to have been furnished in the prosecution of the work, and we think it is obvious that they were so furnished. The gasoline and heavy oil were supplied for the operation of trucks, rollers, bulldozers, tractors and graders directly used in the prosecution of the work; the rayolight oil furnished light for danger signals necessarily used in its prosecution. The words "prosecution of the work" are broader in their implication than those used in the prior statutes "construction of the highway." In Phila. v. Jackson & Co., Inc., 280 Pa. 319, which was a suit on a surety bond of a class that we are now considering, we said that the phrase "in the prosecution of the work" is much broader than the phrase "in and about the construction of the work." In our opinion there can be no gainsaying the conclusion that the legislature, by the Act of 1931, intended to extend the liability of sureties on bonds such as that before us. Giving, as we must, reasonable effect to the language incorporated in the later statute under which the use plaintiff seeks recovery, we feel bound to hold that the materials which it furnished were covered by the provisions of the act and terms of the bond, and that the court below properly decided that the affidavit of defense filed by the surety was ineffective to prevent judgment.

In concluding as we do, we are not unmindful of our recent case of City of Lancaster v. George, 315 Pa. 232. There we held that rent of machinery is not labor and not material, as obviously it is not, and, therefore, not within the terms of the statute. Here there can be no question that the subject matters of the suit are materials.

The judgment is affirmed.