Lancaster, to use, Appellant, *v.* George et al.

Argued April 30, 1934. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Jacques H. Geisenberger,* of *Geisenberger & Geisenberger,* for appellant.

*Charles L. Miller,* for appellee, was not heard.

PER CURIAM, May 21, 1934:

The use-plaintiff's claim against a surety bond was based on the rent due for a ditcher scoop leased to Frank George, who had a contract to complete sewer improvements in Lancaster. The bond insured the faithful and prompt payment of labor and material: Act of June 23, 1931, P. L. 932, section 1905. The part of the bond in question being, "......for material furnished and labor supplied or performed in the prosecution of the work......in aid of or auxiliary to the prosecution of the said work, whether or not the said material or labor enter into and become component parts of the work or improvement contemplated by the said contract or any modification thereof......" The bond in substance follows the act.

Notwithstanding this comprehensive language, the subject of liability is labor and materials. It was held some years ago the word "material" did not include machinery, tools, or appliances used for the purpose of facilitating the work: Com. v. Nat. Surety Co., 253 Pa. 5,

13; Phila. v. Jackson & Co., Inc., 280 Pa. 319. This determination of the interpretation of "material," though under a different situation, embodied its full meaning as applied to the statute and bond in question.

Rental is not a labor claim. This was decided in Com., to use of Read Corp., v. Stryker, 109 Pa. Superior Ct. 137, where the claim and condition of the bond is almost identical with the one now under consideration, and the wording of the acts similar. With this conclusion we agree.

As a matter of policy, it is necessary to confine the word "labor" in this connection to its primary meaning, and not to permit it to be so broadened as to carry the liability of a surety under these bonds to indefinite and uncontemplated lengths. Phila. v. Stange, 306 Pa. 178, as may be readily noted, does not apply.

Judgment affirmed.