## Commonwealth, to use of Pandolfo, Appellant, *v.* Pavia Company.

Argued March 16, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*John B. Nicklas, Jr.,* with him *Walter O. Howarth* and *McCrady & Nicklas,* for appellant.

*James M. McCandless,* for appellee.

OPINION BY MR. JUSTICE BELL, April 18, 1955:

This appeal involves a very narrow question. Is a surety liable for unpaid rental on a power shovel which was leased to defendant contractor by the use plaintiff, and used by defendant contractor in the construction of a portion of the state highway in Allegheny County?

Pursuant to the Act of June 1, 1945* contractors engaged in state highway construction must furnish a surety bond for completion and a surety bond conditioned for the prompt payment of all material furnished and labor supplied in connection with the prosecution of the work. The bond which was furnished in accordance with the exact terms of the Act provided: ". . . principal shall and will promptly pay . . . for all material furnished and labor supplied or performed in the prosecution of the work, whether or not the said material or labor enter into and become component parts of the work. . . ."

Plaintiff, as above indicated, brought an action in assumpsit on the surety bond for unpaid rental on the power shovel which it leased to defendant and which was used in the highway construction. The lower Court sustained preliminary objections in the nature of a statutory demurrer. This was correct: *Lancaster, to Use v. George et al.,* 315 Pa. 232, 172 A. 686; *Common-*

---

* P. L. 1242, Article IV, §404.

*wealth, to Use v. Stryker,* 109 Pa. Superior Ct. 137, 167 A. 459.

The authorities are directly in point and control the instant case contrary to the contention of the appellant. In *Lancaster, to Use v. George et al.,* 315 Pa., supra, plaintiff brought assumpsit on a surety bond. The bond was conditioned for the prompt payment ". . . for material furnished and labor supplied or performed in the prosecution of the work . . . whether or not the said material or labor enter into and become component parts of the work or improvement contemplated by the said contract . . .". The Court said (pages 233-234): ". . . The bond in substance follows the act.

"Notwithstanding this comprehensive language, the subject of liability is labor and materials. It was held some years ago the word 'material' did not include machinery, tools, or appliances used for the purpose of facilitating the work: Com. v. Nat. Surety Co., 253 Pa. 5, 13; Phila. v. Jackson & Co., Inc., 280 Pa. 319. . . .

"Rental is not a labor claim. This was decided in Com. to use of Read Corp. v. Stryker, 109 Pa. Superior Ct. 137, where the claim and condition of the bond is almost identical with the one now under consideration, and the wording of the acts similar. With this conclusion we agree."

Appellant contends that the *Lancaster v. George* decision should not be followed because it was modified or changed by *Commonwealth, to Use v. Ciccone,* 316 Pa. 111, 173 A. 642. The *Ciccone* case recognized and reaffirmed the *Lancaster v. George* case.

Appellant further contends that two recent statutes, namely, the Public School Code, as amended by the Act of 1949, March 10, P. L. 30, Article VII, §756, and the Housing Authorities Law (Act of 1937, May 28, P. L. 955, §11) have broadened the requirements for surety

bonds and thus show a public policy to include all machinery used in the prosecution of the work irrespective of whether the machinery entered into and became a component part of the work. These statutes cannot aid appellant for two reasons. The first is that " 'Where words of a later statute differ from those of a previous one on the same subject they presumably are intended to have a different construction . . .' ": *Panik v. Didra,* 370 Pa. 488, 88 A. 2d 730. Secondly, the provisions of a statute cannot be read into a bond to include a condition which was not set forth therein: *Commonwealth, to Use v. Stryker et al.,* 109 Pa. Superior Ct. 137, 167 A. 459.

This Court said in *Commonwealth, to Use v. Fidelity & Deposit Co.,* 355 Pa. 434, at page 437: " 'A bond given pursuant to a contract incorporated in the bond, will be construed in the light of the terms of the contract and the attendant circumstances, but "the obligation of a bond cannot be extended beyond the plain import of the words used": Lancaster v. Frescoln, 192 Pa. 452, 457, 43 A. 961, 962; Erie v. Deifendorf, 278 Pa. 31, 122 A. 159'; Fleck-Atlantic Company v. Indemnity Insurance Company of North America, 326 Pa. 15, 19, 191 A. 51, 53. Obligations not imposed by the terms of the bond cannot be created by judicial construction or interpretation which extends the terms beyond their normal meaning: City of Pittsburgh v. Parkview Construction Company, 344 Pa. 126, 23 A. (2d) 847, 848."

The Judgment entered on the Order of the lower Court sustaining preliminary objections is affirmed.