School District of the Borough of Eddystone et al. v. Lewis et al., Appellants.

Argued October 21, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

228

*Alexander Zachary Brister,* and *Lionel Teller Schlesinger,* for appellants.

*Harris S. Sparhawk,* for appellees.

OPINION BY TREXLER, J., January 29, 1930:

Lewis had the contract to make certain alterations and additions to a school house. He gave a bond to the school district and the Maryland Casualty Company was the surety. Ketcham, who furnished materials which entered into the construction, brought this suit on the bond in the name of the school district to his use against Lewis and his surety. Judgment was entered for want of a sufficient affidavit of defense.

The first section of the Act of the 10th of May, 1917, P. L. 158, as amended by the Act of 6th of May, 1925, P. L. 546, provides that it shall be the duty of municipal divisions, including school districts, when making improvements, erecting, altering or repairing public buildings to require of the contractor employed, an *"additional"* bond providing for the payment of all labor and material entering into the improvement and in the second section provides that all laborers and materialmen furnishing labor and material in and for said improvements, upon the contract of said contractor, shall have the right to sue in an action of assumpsit in the name of the obligee for his or their use, upon said bond, upon proof of said contractor's failure to pay.

The bond which we are considering was obviously given to carry out the provisions of the act above re-

ferred to. In it are incorporated the same provisions as are contained in the second section of the act; that persons furnishing labor or materials not paid for may bring suit in the name of the school district to their use. The bond was an *additional* bond, an entirely separate and independent obligation solely intended for the protection of those furnishing labor or materials to the school building and in this distinguished from School Dist. of Reading v. New Amsterdam Casualty, 98 Pa. Superior Ct. 221. The materials for which payment is sought actually entered into the construction. This is alleged in the plaintiff's statement and not denied by the defendant. The courts have insisted upon a literal application of the act and have held that a mere engagement in a bond on the part of the general contractor and his surety to pay materialmen did not make the latter parties to the bond or give them a right to sue in their own name or as use plaintiffs: Erie to the use v. Diefendorf, 278 Pa. 31; City of Lancaster to the use v. Frescoln & American Surety Co., 192 Pa. 452. There is, however, no doubt that "when an *additional* bond is given in pursuance" of the above act its provisions cover not only those who perform work or furnish materials under contract with the general contractor, but also those who deal with sub-contractors. This is settled definitely by Merion Township School District v. Evans, 295 Pa. 280.

The appellants' reason for urging relief from the application of the act of assembly is that only such bills as were contracted by the contractor in person were covered by the bond, and in support of this position, call attention to the fact that the contract between the School District and the general contractor is referred to in the bond and made a part thereof and that the contract provides, "Before issuance of final certificate the Contractor shall submit evidence satisfactory to the Architect that all payrolls, material

bills, and other indebtedness connected with the work *incurred by him directly* have been paid." The answer to this is found in the language of the lower court. "There is nothing in the contract that in any wise nullifies or abates the effect of that bond, assuming the parties had power to do so. Aside from this, it may be said that the requirements of the architect before issuing his final certificate have no relation to the obligations of the bond. The contractor might satisfy the architect that all indebtedness incurred by him directly had been discharged and thus become entitled to his final certificate, but nothing in the contract declares the final certificate an exoneration from the obligation to see that material men contracting with sub-contractors had been paid."

The bond being given for the sole purpose of protecting all the labor and material men, it will not be limited in its application by an inference drawn from the provision in the contract that a certificate of the architect may be given on the production of the receipted bills incurred directly by the contractor and that consequently all other bills are not covered by the bond. The board at its discretion might insert in the contract such provisions as it saw fit, but the condition to be inserted in the bond, protecting those furnishing work and material is fixed by the act of assembly and the act is mandatory.

The assignments are overruled and the judgment is affirmed.