School District of Reading, Pa. et al., Appellant, *v.* New Amsterdam Casualty Company.

222

Argued November 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Max Fisher,* and with him *J. H. Jacobs,* for appellant, cited: H. H. Robertson Co. v. Globe Indemnity Co., 77 Pa. Superior Ct. 422; Commonwealth of Pennsylvania to the use of Bejamin F. Fields v. National Surety Co., 253 Pa. 5; Greene County v. Southern Surety Co., 292 Pa. 304.

*H. W. Lee,* of *Stevens & Lee,* for appellee, cited: Lancaster v. Frescoln, 203 Pa. 640; Methodist Church to the use of Hall v. Isenberg, 246 Pa. 221; Cheltenham Township School District, etc. v. Aetna Casualty and Surety Company, 10 D. & C. 331.

OPINION BY BALDRIGE, J., January 29, 1930:

The School District of the City of Reading entered into a contract with the Woodland Construction Company to do work and furnish materials in connection with the alteration of and addition to a school house in the City of Reading. In pursuance of a requirement in the contract, a bond was furnished with the New Amsterdam Casualty Company as surety. The condition of the bond is as follows:

"Now, therefore, the condition of this obligation is such that if the said Woodland Construction Company, Inc., shall and do well and truly in all respects comply with all the terms, conditions and covenants contained and set forth in the said contract, plans and specifications and shall and do save, protect and indemnify the said School District of, from and against all claims, loss, damage or expense, and promptly pay or cause to be paid to any and all persons any and all sum or sums of money which may be due for labor and material or both, furnished, done, performed or supplied in connection therewith, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good such default, then this obligation shall be nul and void; otherwise, it shall remain in full force and effect."

The Woodland Construction Company awarded a contract to Charles C. Sheeler, the use-plaintiff, to perform labor and furnish materials for the painting and glazing required for the school building. The Construction Company failed to pay Sheeler in accordance with their contract, and, as a result, this suit was in-

stituted by Sheeler as use-plaintiff under the bond given by the Construction Company. A demurrer was filed to the statement of claim, alleging that the plaintiff did not set forth a good cause of action for the principal reasons that (a) the use-plaintiff was not a party to the bond; (b) that he was not such a third party beneficiary, donee or creditor to the contract bond who was entitled to recover thereunder. The court sustained the demurrer and the plaintiff appealed.

Under the Act of May 10, 1917, P. L. 158, school districts, in the erection, alteration or addition to any of the buildings, have the power to require of contractors an additional bond to that given for the faithful performance of their contract, conditioned for the payment of all labor and material entering into the improvements. Under this additional bond the labor and materialmen have the right to sue in the name of the obligee for his or their use upon proof that the contractor failed to pay for the labor or material. The Act of 1917, supra, as amended by the Act of May 6, 1925, P. L. 547, makes it the duty of the school district, in the erection, alteration, addition or repairs to buildings, to *require* of the contractor such additional bond.

Appellant in his argument contends that the bond in this case is an additional bond as required by the statute; that it includes the sub-contractor as well as the School District in the provisions; and that, therefore, he is not a stranger to, but an obligee under the bond.

The case of Robertson v. Globe Indemnity Co., 77 Pa. Superior Ct. 422, is relied upon by appellant as a controlling authority. In that case, the bond was "in favor of the Commonwealth of Pennsylvania for the use of the County of Washington and any corpo-

ration or person interested." There was a recovery allowed as the materialman was under the express terms of the bond a party thereto.

In Commonwealth v. National Surety Co., 253 Pa. 5, also cited by the appellant, the bond was required by and given in compliance with the Act of Assembly, approved May 31, 1911, P. L. 468, relating to construction of highways, and was conditioned for the payment of every person furnishing material or performing labor.

This case falls clearly within the line of decisions illustrated by the First M. E. Church v. Isenberg, 246 Pa. 221; Board of Education v. Mass. B. & I. Co., 252 Pa. 505; Erie v. Diefendorf, 278 Pa. 31; and Greene Co. v. Southern Surety Co., 292 Pa. 304.

Mr. Justice KEPHART, in the last case cited, after summarizing the earlier cases, said, "It may thus be followed as a general rule that the surety on a bond given for the performance of a public or private contract cannot be held liable to third persons who furnish labor and materials, though the obligation requires the contractor to pay for labor and material."

This writing was not an additional bond; it is not supplemental to any other bond. It was given under the terms of the contract for the protection of the school district only; no other obligee is mentioned. The stipulation in the bond that the contractor was to pay the laborers and materialmen was not an acknowledgment of liability to those parties. It was to give a protection to the School District against any loss in the event that the contractor defaulted in his payments to a sub-contractor, and it would be determined that the School District was held responsible therefore.

The additional bond required under the Act of 1925, supra, is to assure the payment of the materialmen and laborers, as they are not protected in a bond given by

the contractor for the faithful discharge of the covenants in the contract. If others, who were not parties to the bond given by the contractor could claim its benefits, it is quite possible that the demands of subcontractors might exhaust the principal's liability and the obligee named in the bond, and for whose protection it was exclusively given, would not be safeguarded.

It is unfortunate for this appellant that the school authorities failed to comply with the legal requirements by not giving an additional bond under the Act of 1925, but their omission does not extend or enlarge the undertaking of the obligor in this bond. Clearly, this obligation was not an additional bond and the use-plaintiff was not a party thereto.

Nor was the appellant, as a third party, entitled to recover. The common law rule that no one can maintain an action in his own name upon a contract to which he is not a party still generally applies. There are well settled exceptions thereto, such as "where one person agrees with another to pay money to a third, or to deliver some valuable thing, and such third party is the only one interested in the payment or delivery; or where the promise to pay the debt of a third person rests upon the fact that money or property is placed in the hands of the promisor for that purpose; or where one buys out the stock of a tradesman and undertakes to take the place, fill the contracts and pay the debts of the vendor, Sweeney v. Houston, 243 Pa. 542; but when the promise is made to and in relief of the one to whom it is made, upon a consideration moving from him, no particular fund or means of payment being placed in the hands of the promisor out of which the payment is to be made, the right of action is in the promisee alone": First M. E. Church

v. Isenberg, supra. But this use-plaintiff does not come within any of those exceptions, so the general rule governs this case.

It follows from what has been said that the demurrer was properly sustained. The judgment is affirmed.