School District of Bor. of Ridley Pk. to Use of
Gould, Inc. *v.* Seaboard Surety Co.

Argued November 19, 1930.

Before TREXLER, P. J.,
KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and
WHITMORE, JJ.

*James S. Clifford, Jr.,* and with him *Robert B. Greer* and *Williams, Brittain and Sinclair,* for appellant.

*J. D. Ledward* of *Ledward and Hinkson,* for appellee.

OPINION BY WHITMORE, J., December 12, 1930:

The School District of the Borough of Ridley Park, Delaware County, entered into a written contract with the Jones-Redditt Company, whereby the latter was to erect and complete a school building for the former called the Barker Street school in said borough. As required by the Acts of May 10, 1917, P. L. 158, May 6, 1925, P. L. 546, and March 28, 1929, P. L. 106, the school district accepted an additional bond dated June 13, 1929, with the Seaboard Surety Company as surety, the conditions of which are hereinafter set forth.

The Acts of Assembly referred to make it mandatory upon boroughs and other municipalities therein referred to, in the erection, etc., of public buildings of any kind, to require of the contractor or contractors employed in or about said improvement an additional bond with sufficient surety or sureties providing for the payment of all labor and material entering into the said improvements, and all machinery used on such improvements.

The condition of the bond so given is as follows:

"Now the condition of this obligation is such, that if the said Jones-Redditt Company shall and will promptly pay or cause to be paid to any and all persons, any and all sum or sums of money which may be due for labor or materials, or both, furnished, done, performed or supplied upon, in or about the said additions or alterations or work, provided that proof satis-

factory to the secretary and business manager of the Board of Public Education shall be furnished that written notice of the delivery of the material or the labor performed shall have been given to the principal or surety therein within ninety days thereof, and will and shall comply with all the provisions of the school law of the State of Pennsylvania; then this obligation to be null and void; otherwise to be and remain in full force and effect. It being understood and agreed that no suit shall be brought upon this bond after the expiration of two (2) years from the date hereof.

"It is further understood that the surety will not be relieved from liability by reason of any change in the work to be done or materials to be supplied or by any waiver of any defaults of the principal by the obligee. The suretyship of this bond shall be taken as covering all such matters and all liability by reason thereof."

The Jones-Redditt Company awarded a contract to M. D. Gould, Inc., the use-plaintiff, to provide all the materials and perform all the work for the sheet metal work in said school build:ng, for the consideration of $383.75. The use-plaintiff completed its contract and the Jones-Redditt Company failed to make payment of the consideration therein provided and as the result thereof this action was instituted. The statement of claim avers that the work was duly completed under the contract on or about October 14, 1929, duly approved by the Jones-Redditt Company and the latter issued its check, dated October 14, 1929, to the use-plaintiff for $383.75, but that the check was not cashed by the bank upon which it was drawn.

The written notice required under the terms of the bond was duly given to the surety company by the use-plaintiff through its counsel on December 18, 1929, being within the ninety day period referred to in the bond.

The affidavit of defense alleges that upon receipt of said check by the use-plaintiff it executed to the Jones-Redditt Company a receipt in full showing payment of all its claims for materials furnished under the contract, and later filed a supplemental affidavit of defense setting forth a copy of what the defendant claims is a receipt. It appears, however, that the paper executed by the use-plaintiff and a large number of other parties who furnished material and labor on the school building and called a receipt, was nothing more or less than a release of lien and the effect of which was not to release the defendant from any liability under its additional bond. The release was in the following form:

"Whereas, we, the subscribers, have erected and furnished materials for the erection and construction of a school building on a piece of ground situate on the corner of Tome Street and Barker Street, Ridley Park, Delaware County, Penna., for

"And whereas, we have agreed to release all liens which we now have or hereafter may have on the said premises above described, with the appurtenances above described, by reason of any materials furnished or yet to be furnished, or work performed or yet to be performed by us, either or any of us for and towards the erecting and construction of the same.

"Now these presents witness that we, the subscribers, for and in consideration of the premises, and the sum of one dollar to each of us, at or before the sealing and delivery hereof by the said (blank space) well and truly paid, the receipt whereof we do hereby acknowledge, have remised, released and forever quit-claimed, and by these presents do remise, release and forever quit-claim unto the said (blank space) and to (blank space) heirs and assigns, all and all manner of liens, claims and demands whatsoever, which we or any or either of us now have, or might or could have, on or

against the said premises above described, for work done or yet to be done, or materials furnished, or yet to be furnished, by us or any of us, for or about the erection of the messuage aforesaid, or otherwise howsoever, so that they the said (blank space) heirs and assigns, shall have, hold, and enjoy the said messuage or tenement and lot or piece of ground aforesaid, free and discharged from all liens, claims or demands whatsoever which we, or either or any of us now have or might have on or against the same, if these presents were not made."

This was an ordinary release of lien, simply releasing the right to file a lien against a public building, which right does not exist.

The defendant further contends that when the use-plaintiff accepted the check of the contractor (which was never paid) and executed the release, it relieved the defendant from liability.

On this question we quote with approval from the opinion of the learned court below, as follows:

"It will be noted that defendant in its first affidavit of defense alleged the use-plaintiff had given Jones-Redditt, the contractor, 'A receipt in full showing payment of all its claims.' This is not correct and the fabric of this defense becomes disintegrated when it is shown that such is not a fact and this defendant defends solely upon that hypothesis. No receipt was given but a release. The authorities cited by defendant upon the matter of the giving of receipts under certain circumstances have no bearing here and the facts are dissimilar. In giving a release of liens affecting the premises only and the building was a vain thing for no mechanic's lien can be filed against a public building and certainly defendant's rights were not disturbed or prejudiced. When executing the release (a sham) the general contractor gives his check in due course, which in this case was only collateral

for the debt and not accepted as payment, to the use-plaintiff in payment of labor and material due on the job and then the check is not paid upon presentation at the bank where payable. Now the surety expects to escape liability for this reason. This would mean for us to condone a palpable fraud by finding with this defendant, whose duty is fixed by the Act of Assembly by protecting those furnishing work and materials and the act is mandatory. The defendant cannot thus escape his plain duty to pay and he must in the case at bar. The amended affidavit of defense shows it was a mere release of liens."

The learned court below entered judgment for want of sufficient affidavits of defense and was fully justified under the law in so doing.

In School District of Reading, Pennsylvania et al., Appellant, v. New Amsterdam Casualty Company, 98 Pa. Superior Ct. 221, this court held that the additional bond required under the Act of 1925 is to assure the payment of all material men and laborers, as they are not protected in a bond given by the contractor for the faithful discharge of the covenants of the contract.

In School District of the Borough of Eddystone et al. v. Lewis et al., 98 Pa. Superior Ct. 227, this court held as follows:

"When an additional bond is given in pursuance of the Act of May 10, 1917, P. L. 158, as amended by the Act of May 6, 1925, P. L. 546, for the protection of those furnishing labor and materials to school building, its provisions cover not only those who perform the work or furnish materials under the contract with the general contractor but also those who deal with the sub-contractors."

The only error assigned was the granting of the plaintiff's motion for judgment for want of a sufficient affidavit of defense.

. The only effect of the release above quoted (which the appellant improperly terms a "receipt") was to provide that no liens should be filed against the school building, when as a matter of law such liens could not be filed against that class of a structure. The very purpose of the Acts of Assembly making it mandatory for the school district to obtain an additional bond was to assure the payment of the material men and laborers and there is nothing in the release that relieves the defendant from its liability to the use-plaintiff as a sub-contractor under the additional bond.

The assignment of error is overruled and the order of the court below is affirmed at the cost of the appellant.