# Beaver County, to use, v. Franklin et al.

*May & Bradshaw, Lawrence M. Sebring, John G. Marshall* and *Charles H. Stone,* for plaintiff.

*Reed & Ewing,* for defendant.

McCONNEL, J., October 4, 1932.—On February 23, 1932, an action in assumpsit was brought by the County of Beaver for the use and benefit of the Beaver Sand Company against Benjamin Franklin, Jr., and Indemnity Insurance Company of North America. The amount of plaintiff's claim was $1,886.46, with interest from November 1, 1929.

The facts as set forth in the statement of claim are as follows:

The County of Beaver applied to the Department of Highways of the Com-

monwealth of Pennsylvania for the improvement of a highway in Ohio Township, the County of Beaver agreeing to pay the entire cost of the improvement, provided the survey, plans and specifications for the same were prepared by the Department of Highways and the work performed under its supervision. This application was accepted by the Department of Highways, and the County of Beaver, on June 28, 1928, entered into a contract with the Commonwealth, of Pennsylvania for the improvement of this highway. Bids were advertised for, and the contract finally let to Benjamin Franklin, Jr., by the State Highway Department.

On August 15, 1928, Benjamin Franklin, Jr., entered into a contract with the County of Beaver for the construction of the highway. This contract was in writing and among other stipulations contained the following:

"It is further distinctly agreed that the said contractor shall not assign this contract, nor any part thereof, nor any right to any moneys to be paid him hereunder, nor shall any part of the work to be done, or material furnished under said contract be sublet, without the consent in writing of the County of Beaver and the approval of the Secretary of Highways. . . .

"The rights of the county and of any person or persons, firm or corporation furnishing labor or materials, to sue on the contract bond shall be based upon the provisions of section 13 of the Act of May 31, 1911, P. L. 468, with its supplements and amendments, which act shall be incorporated herein and made a part hereof, as fully and completely as though its provisions were fully and at length herein recited; which act shall be construed and applied in relation hereto as though the words 'County of Beaver' were substituted herein where the words 'Commonwealth of Pennsylvania' appear."

In accordance with another provision of this contract, the contractor as principal and Indemnity Insurance Company of North America as surety gave their bond to the County of Beaver in the sum of $24,148.98, conditioned, among other things, that the contractor "shall well and truly pay for all material furnished or labor performed in and about the construction of said highway". The bond was given "unto the County of Beaver and any other corporation or person entitled", and it also contained the following:

"The principal and surety further jointly and severally agree with the obligee herein that in case of failure on the part of either to carry out the terms and provisions of this contract and bond, that any person, firm or corporation who has furnished labor or materials, used in and about the construction of said highway, and payment for which has not been made, shall have the right to intervene and be made a party to the action instituted by the county, the obligee on this bond, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the said county, and further agree that if no suit should be brought by the county within six months from the completion of said contract and final settlement thereon, then the person or persons supplying the contractor with labor or materials shall have the right to institute suit hereon, and that the procedure to collect on this bond shall follow the provisions of section 13 of the Act of May 31, 1911, P. L. 468, with its supplements and amendments, which act shall be incorporated herein and made a part hereof, as fully and completely as though its provisions were fully and at length herein recited; which act will be construed and applied in relation hereto as though the words 'County of Beaver' were substituted therein where the words 'Commonwealth of Pennsylvania' appear."

After the delivery of this bond the contractor entered upon the construction of the highway, and on April 26, 1931, all the work of construction was duly completed and the State Highway Department approved for payment the final

estimate due the contractor, and final settlement was had thereon. No suit was brought by the County of Beaver against the surety or contractor on account of this bond within 6 months from the completion of this contract and final settlement thereon; but the defendants refused to pay for all material furnished or labor performed in and about this highway. Then the Commonwealth of Pennsylvania certified the above-mentioned bond to the plaintiff for the purpose of bringing an action in its own behalf and in behalf of all others having a right to intervene for materials furnished or labor performed in and about the construction of this highway in conformity with the provisions of section 13 of the Act of May 31, 1911, P. L. 468, and its supplements and amendments.

The contractor, Benjamin Franklin, Jr., sublet certain work to Raymond Moore, trading and doing business as Moore Construction Company, and also sublet certain other work under this contract to Nagel & Ague, a partnership, of Sewickley, Pa. The plaintiff, at the request of the subcontractors, Raymond Moore and Nagel & Ague, furnished certain materials, labor, and equipment, to wit, sand and gravel, truck with driver, and compressor, at a total price or sum of $1,886.46, which labor and materials were necessary in and about the construction of this highway and became a component part thereof. There is attached to the statement of claim a copy of plaintiff's books of original entry showing the quantities of materials and labor and equipment, the dates when furnished, and the prices charged therefor.

To this statement of claim the defendants, Benjamin Franklin, Jr., and Indemnity Insurance Company of North America, filed an affidavit of defense raising questions of law in lieu of a demurrer, alleging that the plaintiff is not entitled to recover for a number of reasons which may be summarized as follows:

1. Since the contract between the contractor and the county provides that the contractor shall not sublet any part of the work without securing the consent in writing of the County of Beaver and the approval of the Secretary of Highways, the plaintiff cannot recover from the contractor in this case and his surety for materials furnished subcontractors without having obtained such written consent and approval.

2. The plaintiff cannot recover from the surety the price or value of materials furnished as they were furnished to a subcontractor, and the right to institute suit on the bond is limited to persons dealing directly with the contractor.

We will take these questions up and consider them in that order.

Can the plaintiff recover for materials supplied to a subcontractor who did work and furnished material upon the highway under a contract which he had received from the contractor and which had not been approved in writing by the County of Beaver and the Secretary of Highways?

The contract upon which the suit in this case is based does contain a provision as follows:

"It is further distinctly agreed that the said contractor shall not assign this contract, nor any part thereof, nor any right to any moneys to be paid him hereunder, nor shall any part of the work to be done or material furnished under said contract be sublet without the consent in writing of the County of Beaver and the approval of the Secretary of Highways."

So far as this affidavit of defense is concerned, we will have to take it as correct that the work performed by the Beaver Sand Company for which suit was brought in this case was done under a contract which had not been approved in writing by the County of Beaver or the Secretary of Highways, because no such consent is set forth in the statement of claim, and we can decide this case only upon the allegations of fact set forth in the statement of claim, and all of such

allegations are to be taken as true. The question for us to determine is whether this failure to secure the approval of the County of Beaver and the Secretary of Highways deprives the plaintiff of its right to recover for material furnished or labor performed in and about the construction of said highway, and is a bar to an action upon the bond given to the County of Beaver. We think it does not.

The statement of claim sets forth that the work performed by the contractor upon the highway which he was constructing was accepted by the State Highway Department and the County of Beaver, and they received the benefit of the labor and material furnished by this claimant and so did the contractor. All of them must have known that this claimant was furnishing the labor and material which it did furnish toward the construction of this highway, and inquiry by any of them would have disclosed the fact that this labor was being performed and material furnished in pursuance of a subcontract with the contractor. There is no question but that the County of Beaver and the State Highway Department could have approved the subletting of certain work by the contractor before said work was done, and they could also, after the work had been done and material supplied, ratify and approve the contract under which the subcontractor had operated. This provision of the contract as to consent is evidently for the benefit of the County of Beaver and the Commonwealth so that they can keep track of the persons who supply material and do labor in connection with the work, and so that unfit persons and unskilled ones shall not be employed upon the job. But when the labor has been supplied and material furnished of such a kind and quality as to be acceptable to the County of Beaver and said Highway Department, and the work of the contractor is approved by them and paid for, this would be in our opinion a waiver so far as this action is concerned of this provision of the original contract. It might not be deemed a waiver if this were an action against the County of Beaver or the Commonwealth; but this is an action brought by one who has furnished labor and material which went into the construction of a highway and for which and to secure the payment of which the bond in question in this case was given. That bond was conditioned that the contractor should well and truly pay for all material furnished or labor performed in and about the construction of said highway. That is one of the express conditions of the bond and the most important provision contained therein. The County of Beaver or the Commonwealth of Pennsylvania might not have been required to pay the claim of the plaintiff in this case, but the contractor undoubtedly knew that certain labor and material was being performed and supplied by the Beaver Sand Company, and he knew that he was required under his contract and under his bond to see that all material furnished or labor performed was paid for, and he certainly knew that he was bound to see that all such claims were paid or his bond would be forfeited.

It must be remembered that the present case is an action upon the bond and not upon the contract between the county commissioners and Benjamin Franklin, Jr. So far as anything in the present case shows, the Beaver Sand Company was not a party to the contract of August 15, 1928, with the County of Beaver, and the provision as to the assignment of the contract and consent in writing of the County of Beaver is contained only in this contract and is not inserted as a part of the bond, nor is this provision contained in the Act of 1911 or the amendment of 1921. The condition of the contract is that the contractor shall comply with the terms of his contract, complete the work contracted for in a manner satisfactory to the county commissioners, and well and truly pay for all material furnished or labor performed in and about the construction of said highway, and the provisions of section 13 of the Act of May 31, 1911, P. L. 468, are

specifically made a part of the bond. There is nothing in the bond which precludes the recovery by one who has furnished materials to a subcontractor; but the bond is given to "the County of Beaver and any other corporation or person entitled", and it is conditioned generally that the contractor "shall well and truly pay for all material furnished or labor performed in and about the construction of said highway". It does not except those who have furnished labor or material to a subcontractor who has failed to secure the written consent of the County of Beaver or the State Highway Department to the making of the subcontract. The Act of Assembly of May 16, 1921, P. L. 650, amending section 13 of the Act of 1911, contains the exact words which are in the bond in question in this case, and it provides for a bond which contains no exception of those who furnished materials to subcontractors or otherwise and requires that the bond furnished shall require the contractor to pay for all material furnished and labor employed in and about the construction of the highway.

As we see it, this provision in the bond means exactly what it says, and anyone who has furnished material in the construction of a public highway and who has not been paid is entitled to bring suit whether he has secured the written consent of the county or the State Highway Department to the assignment of his contract or whether he has not. The provision in question, as we have said, is not in the Act of 1911 nor in the amendment of 1921, and the amendment of 1921 allows a suit to be brought by any person who has supplied labor or material to the construction of a public highway and who has not been paid. This is a right given by the act of assembly and the plaintiff cannot be deprived of that right unless in some way he is estopped from bringing suit. He cannot be estopped in the present case because he is not a party to the contract between the county commissioners and the contractor, and it is only in this contract that the provision in question is found. It is perfectly evident then that this provision is for the benefit of the County of Beaver, and if the County of Beaver has seen fit by its actions to waive that provision of its own contract, how can the fact that such a provision was contained in the original contract bar the plaintiff in this case from a recovery and deprive him of the right which is secured to him by an act of assembly of this Commonwealth?

In the case of Kemena v. Hunter, in the court of common pleas of this county at No. 209, June Term, 1929, an action was brought by a general contractor against a subcontractor upon a public highway under an agreement very similar to the written contract and bond existing in the present case. The subcontractor took the position that because his contract was not approved in writing by the Borough of Ambridge and the County of Beaver the contract between him and the contractor was illegal and void; but Judge Reader held that if the Borough of Ambridge and the County of Beaver had taken no steps to avoid the contract in question and had approved and paid for the work done by the contractor, that was a waiver of the written consent required to be given before a contract could be sublet, and that this provision did not affect the right of the contractor to recover as against the subcontractor and did not render that contract void and of no effect. Of course the facts in that case are essentially different from the facts in the present case, but nevertheless the same legal principle is, in our opinion, involved in both of these cases, and we are satisfied that this stipulation as to a written consent cannot avail to bar an action by the plaintiff in this case which he has a right to bring and maintain under the Act of 1911 and its amendments.

The second position taken by the defendants is that the plaintiff cannot recover from the surety the price or value of materials furnished, as they were supplied to a subcontractor and the right to institute suit on the bond is limited to persons dealing directly with the contractor.

The right of plaintiff to recover, if he is entitled at all, is based upon section 13 of the Act of May 31, 1911, P. L. 468, as amended by the Act of May 16, 1921, P. L. 650. The part of section 13 of the Act of 1911 which is material in this case provides as follows:

"Every person, firm, or corporation before being awarded any contract for the construction or improvement of any State Highway or of any State-aid highway, under the provisions of this act, shall furnish a bond, with sufficient surety or sureties, acceptable to the State Highway Commissioner, in a sum equal to fifty per centum of the contract price of the work; conditioned that the contractor shall well and truly, and in a manner satisfactory to the State Highway Commissioner, complete the work contracted for, and shall save harmless the Commonwealth of Pennsylvania from any expense incurred through the failure of said contractor to complete the work as specified, or for any damages growing out of the carelessness of said contractor or his or its servants, or for any liability for payment of wages due or material furnished said contractor; and shall well and truly pay to all and every person furnishing material or performing labor in and about the construction of said highway, all and every sum and sums of money due him, them and any of them, for all such labor and materials, for which the contractor is liable."

And the same part of the section as amended by the Act of 1921 is as follows:

"Every person, firm, or corporation, before being awarded any contract for the construction or improvement of any State highway or State-aid highway, under the provisions of this act, shall furnish a bond, with sufficient surety or sureties, acceptable to the State Highway Commissioner, in a sum equal to fifty per centum of the contract price of the work, conditioned that the contractor shall, well and truly and in a manner satisfactory to the State Highway Commissioner, complete the work contracted for, and shall save harmless the Commonwealth of Pennyslvania from any expense incurred through the failure of said contractor to complete the work as specified, or from any damages growing out of the carelessness of said contractor or his or its servants, and shall well and truly pay for all material furnished and labor performed in and about the construction of said highway; and any person, firm, or corporation who has furnished labor or materials used in the construction or improvement of any State highway or of any State-aid highway under the provisions of this act, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the Commonwealth of Pennsylvania on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the Commonwealth of Pennsylvania."

A reading of this original section and the amendment of 1921 shows that there is a change in the wording of the act, which change is very material, in our opinion, to the present case.

Under the Act of 1911, the contractor was required to secure a bond conditioned that he should pay every person furnishing material or performing labor in and about the construction of the public highway for all such labor and materials for which the contractor is liable; but as amended in 1921 it simply provides that the bond shall be secured conditioned that the contractor shall pay for all material furnished and labor performed in and about the construction of the public highway. The words "for which the contractor is liable" are omitted from the amendment of 1921, and as this amendment was in effect at the time the contract in question in this case was entered into the right of the plaintiff in this case to recover is fixed by this amendment of 1921 and the bond

given by the surety in the present case, and not under the words of the original act.

We have been unable to find any case under the Act of 1911 as amended by the Act of 1921 in which our courts of appeal have adjudicated the precise question raised in the present case, but exactly the same question was decided by the Supreme Court of our State under the public buildings Act of May 10, 1917, P. L. 158, as amended by the Act of May 6, 1925, P. L. 546, the provisions of which are almost identical with the Act of 1911 as amended by the Act of 1921. The case to which we refer is that of Merion Township School District, to use, v. Evans et al., 295 Pa. 280. In that case the contractor for the erection of a schoolhouse gave to the school district a bond signed by a surety. This bond was conditioned that the contractor "shall and will promptly pay or cause to be paid to any and all persons any and all sum or sums of money which may be due for labor or materials, or both, furnished, done, performed or supplied upon, in or about the said building or work". It will be noticed that the essential words of this condition are precisely similar to the words contained in the amended Highway Act of 1921, and in the bond in the present case. In the Merion Township School District case the contractor gave a contract to a subcontractor for supplying and laying the stone in the school building, and the subcontractor purchased the stone from the claimant in that case. The contractor and subcontractor were paid in full, but the claimant, who had furnished material to the subcontractor, was not paid and entered suit upon the bond. The Supreme Court held that he was entitled to recover. The opinion of the court was delivered by Mr. Justice Simpson, and among other things he said (p. 383):

"It is admitted that the bond inures to the benefit of those who furnished labor and materials which entered into the construction of the building, and that such persons have the right to sue upon it in the name of the school district to their use; but it is contended that this right should be limited to laborers and material men who bargained directly with the contractor. Much rhetoric is indulged in to buttress appellants' contention that to decide otherwise would work untold harm to contractors. We have often heard such arguments in this class of cases; but they have always been unavailing, and experience has shown those prophecies were not justified by the event.

"There is no limitation in the bond or statute regarding the right to recover, except that the suit must be for 'labor and materials entering into' the building. Both prescribe the 'payment of all [such] labor and materials.' The bond requires the obligees to pay or cause to be paid the value thereof, which excludes the idea of a limitation of payment to those who contracted with the builder".

The same question as the defendant has raised in the present case was also raised and decided adversely to the defendant, under the public buildings Act of 1917, as amended by the Act of 1925, hereinabove referred to, in the case of School District of the Borough of Eddystone et al. v. Lewis et al., 98 Pa. Superior Ct. 227.

There are a number of cases decided by the courts of appeal under ordinances of the City of Philadelphia in which the same conclusion was reached, where a bond was required to be given by a contractor and a claim was made upon the bond by one who furnished material to a subcontractor. One of the most recent cases involving that question is the case of Philadelphia, to use, v. Stange et al., 306 Pa. 178. That was an action of assumpsit to recover on a bond given by the defendants to the City of Philadelphia to protect laborers and materialmen under a contract with the defendant company. The ordinance in question in that case provided: "Any person so performing labor or furnishing and sup-

plying materials in the prosecution of the work covered by said contract and not receiving payment therefor, shall have a right of action and shall be authorized to bring suit in the name of the City of Philadelphia on said bond, for his use and benefit, against said contractor and against the surety on said bond." The contract was entered into between the City of Philadelphia and the Stange Construction Company. The Stange Construction Company sublet to the Hastings Dump Truck Company, and the Hastings Dump Truck Company engaged Dourte & Irelan, Inc., to haul fill to the area which was to be graded by the Stange Construction Company. Dourte & Irelan assigned their claim to the White Company, and the White Company, although the assignee of one who had furnished material to a subcontractor, was held entitled to recover.

In our opinion, then, the words of section 13 of the Act of 1911 should be interpreted in the same way as our courts of appeal have already interpreted the same words under the school buildings Act of 1917, and the ordinances of the City of Philadelphia, and if that be done we must hold that the claimant in this case is entitled to recover as against the defendants.

For the reasons hereinabove set forth, the affidavit of defense raising legal questions must be held insufficient.

### Order

Now, October 4, 1932, the affidavit of defense raising legal questions filed by the defendants is held insufficient, and the defendants are allowed 15 days within which to file an affidavit of defense to the merits of this case.

From Wm. F. Schutte, Beaver Falls, Pa.