## Com. to Use, Appellants, *v.* Stryker, Inc.

Argued November 15, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, and PARKER, JJ.

*Charles H. Weidner* of *Stevens and Lee,* and with him *Charles K. Derr,* for appellants.

*Samuel E. Bertolet,* for appellee.

OPINION BY STADTFELD, J., March 8, 1934:

A. Stryker, Inc., a corporation, entered into a written contract with the Commonwealth of Pennsylvania for the construction of a state highway in Berks County. At the same time, to wit, on June 7, 1929, A. Stryker, Inc., as principal, and National Surety Company as surety, executed a bond pursuant to the Act of 1911, P. L. 468 and its amendments, which was conditioned, inter alia, that the contractor "shall well and truly pay for all materials furnished and labor performed in and about the construction of said highway."

A. Stryker, Inc., sublet part of the work to E. Watson Davis, Inc., with whom use-plaintiffs, N. H. Garman & Bro., entered into an oral agreement whereby it was agreed that use-plaintiffs would furnish a steam shovel with a crew of two men to operate the same, and a road roller with an operator. These three men were use-plaintiffs' employees and were paid by

them. The agreement was that when the shovel was being operated the charge per hour was to be $5; when it was not being operated but use-plaintiffs' employees were on the job the charge was $1.80 per hour. For the road roller, when operated, the charge was $2.50 per hour; when not operating the roller, use-plaintiffs were to be paid 80 cents per hour for the operator during the time he was waiting upon the job. The shovel and roller were used to excavate the ground in constructing the bed of the road, and to roll the highway during the latter stages of its completion.

The account attached to plaintiffs' statement of claim sets forth the amount of hours during which the use-plaintiffs furnished and operated a steam shovel and roller, and the amount of hours during which they were not operated but during which use-plaintiffs' employees were upon the job. The shovel and roller were under the care of the operators at all times, and use-plaintiffs furnished the coal to generate steam.

At the trial the defendant did not deny the correctness of the dates, the number of hours, and the rate per hour claimed by the use-plaintiffs. It was developed, however, the charge of $5 per hour for the steam shovel was made up of $3.20 per hour for the hire of the shovel and in like manner that the charge of $2.50 per hour for the roller and man was made up of $1.70 per hour for the hire of the roller. At the conclusion of the testimony the trial judge, SCHAEFFER, P. J., directed a verdict for the plaintiffs for the full amount of the balance claimed by them but after argument of the defendant's motion for a new trial, the court, in an opinion by the same judge, made an order that a new trial be granted unless the use-plaintiffs should remit on the record so much of the verdict as exceeded the sum of $370.78, with interest from September 17, 1929, the balance found by the court to be due by the defendant for wages or

labor as aforesaid after giving due and proper credit for payments made on account of the plaintiffs' total claim.

The court certified that its order granting a new trial was made for the reason that the court was of the opinion that as a matter of law charges for trucks or rollers must be separated from the wages of the operators, and that the rental value of the trucks or rollers as such is not recoverable under the terms of the bond. The use-plaintiffs appeal from the order of the court granting a new trial.

The important and controlling question in this case is whether a certain price charged per hour for the furnishing of a steam shovel and a road roller, together with operators to operate and care for the same, in the construction of a state highway, is recoverable as for labor performed within the condition of the surety bond which provides that he "shall well and truly pay for all materials furnished and labor performed in the construction of said highway" where the testimony showed that the prices charged embraced separately charges for the use or hire of the steam shovel and the roller, as distinguished from the pay or charges for the operators of the same.

A similar question was before this court in the case of Commonwealth to use v. A. Stryker, Inc., reported in 109 Pa. Superior Ct. 137, 167 A. 459, from which the Supreme Court refused an appeal. The test is whether the apparatus or equipment went into or was intended to go into or become a part of the completed work or structure, or was of the kind that the sub-contractor would naturally be expected to furnish and which he would be expected to take away with him on the completion of the work.

In none of the cases cited by use-plaintiff does it appear that the suit was brought, as in this case, for the recovery for the hire of machinery as well as for labor furnished, nor did the distinction between the

agreed value of the use and hire of the machinery, and the pay of the men who went with it, definitely appear as in the instant case.

The only question is whether the surety appellee, under the terms of the bond, is liable to pay for the use or hire of machinery as distinguished from the labor for operating same.

In the cases cited by appellant from our own State there was involved the transportation of materials which were to be incorporated into the work embraced in the contract.

The case of Com. to use v. A. Stryker, Inc., supra, is decisive of the questions raised on this appeal.

The assignments are overruled and order granting new trial affirmed.