Commonwealth, for use, *v.* United States Fidelity and Guaranty Company, Appellant.

Argued April 23, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*E. H. Beshlin,* for appellant.

*William Glassman,* of *Jamieson & Glassman,* with him *Walter Peake,* for appellee.

PER CURIAM, June 30, 1941:

This was an action in assumpsit against the surety on a contractor's bond given in connection with the

improvement of a state highway, conditioned for the prompt payment by the contractor of "all sums of money which may be due any person ...... for all material furnished and labor supplied or performed ...... in connection with the prosecution of the work, whether or not the said material or labor enter into and become component parts of the work or improvement contemplated", in conformity with the provisions of the Act of July 12, 1935, P. L. 705, amending section 13 of the Act of May 31, 1911, P. L. 468. See also Act of June 22, 1931, P. L. 881.

The real point at issue on the trial was whether the contract between the use plaintiff and the highway contractor—which was entirely oral—was for the hiring together by the latter from the former of two trucks and drivers at $1.90 per hour for each truck and driver, (See *Phila. to use v. Stange,* 306 Pa. 178, 159 A. 7; *Com. to use v. National Surety Co.,* 253 Pa. 5, 97 A. 1034) ; or was for the hiring of two trucks from the use plaintiff at $1.40 each per hour—which had not been paid—and the separate employment of a driver for each truck at fifty cents per hour—which had been fully paid. (See *Com. to use v. Stryker, Inc.,* 109 Pa. Superior Ct. 137, 167 A. 459; *Com. to use v. Stryker, Inc.,* 112 Pa. Superior Ct. 449, 171 A. 298; *Phila. School Dist. v. Shrages Co. Inc.,* 134 Pa. Superior Ct. 533, 4 A. 2d 558, affirmed 336 Pa. 433, 9 A. 2d 900; *Lancaster to use v. George,* 315 Pa. 232, 172 A. 686).

The testimony was rather vague and in some respects contradictory, but it would have supported a finding either way if the jury had arrived at their verdict after a charge adequately defining the issues involved. But the charge of the court was so inadequate and so utterly lacking in its presentation of the issue or issues of fact to be determined by the jury, that it gave the latter no help whatever in arriving at their verdict and left the

jury without compass or direction to guide them. A new trial will have to be had in consequence.

Judgment reversed, and a new trial awarded.